UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,

CASE NO. 6:20-cr-97-Orl-31LRH

v.

JOEL MICAH GREENBERG

            Defendant.
_____/

**DEFENDANT JOEL MICAH GREENBERG'S MOTION
FOR A BILL OF PARTICULARS AND MEMORADUM OF LAW**

Defendant JOEL MICAH GREENBERG, by and through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 7(f), and the Fifth and Sixth Amendments of the U.S. Constitution, moves this Court to order the government to furnish a bill of particulars. A bill of particulars is necessary to adequately apprise Mr. Greenberg of the scope of the government's allegations, allow him to prepare his defense, and avoid unfair and prejudicial surprise at trial.

**I.**     **STATEMENT OF FACTS**

1.     On Wednesday, June 17, 2020 the government filed a sealed indictment charging Mr. Greenberg with stalking, in violation of 18 U.S.C. § 2261A(2),[1] and using a

---

[1] This statute was enacted as part of the Title II of the Violence Against Women Act and was designed to proscribe stalkers of current or former spouses or intimate partners. The Interstate Stalking Punishment and Prevention Act of 1996 amended the statute to address cases in which the victim was unrelated to the stalker. Despite several amendments, Congress required the victim suffer a reasonable fear of the death of, or serious bodily injury for a federal prosecution to be warranted. In 2006, Congress permitted a federal prosecution if the victim only suffered "substantial emotional distress."

fake identity in violation of 18 U.S.C. § 1028(a)(7). Although the government obtained a warrant to arrest Mr. Greenberg, it was not executed immediately.

2. On Friday, June 19, 2020, the government obtained a sealed search warrant for Mr. Greenberg's residence. Like the arrest warrant, it was not executed immediately.

3. The following Tuesday, June 23, 2020, the government executed the search warrant and took, among other things, documents marked as communications with attorneys, an electronic device used by a 3-year old, and birth certificates, social security cards and other government-issued documents belonging to Mr. Greenberg and his family.

4. Also, without notice to counsel, the government arrested Mr. Greenberg on June 23, 2020, more than one year after the government knew that the undersigned represented Mr. Greenberg.[2] For several months the undersigned had requested a meeting with the government to discuss the investigation and all such requests were denied.

5. Paragraph 1 of the indictment describes the alleged victim as "a political opponent who worked at a school located in the Middle District of Florida" and refers to this alleged victim throughout the indictment as "the school employee." Nowhere in the indictment is the alleged victim identified.

6. Paragraph 2 alleges that Mr. Greenberg caused letters to be sent to the school where "the school employee" worked but does not identify this school.

---

[2] As former federal prosecutors, the undersigned know that exigent circumstances can arise warranting fast action. However, given that the government took the time to go to the grand jury to obtain an indictment and waited several days to coordinate an arrest with executing search warrants, there appears to be no evidence that an exigency existed.

7. Paragraph 4 refers to a Facebook account belonging to a "very concerned teacher" that Mr. Greenberg caused to be created and caused posts to be made to the account. However, the indictment fails to identify how Mr. Greenberg caused these things to happen.

8. Paragraph 6 alleges that the date of the beginning of the offense is unknown to the Grand Jury.

9. No part of the indictment identifies the specific postings or mailings that the government assets violates federal law.

10. As of the filing of this motion, the government has not produced discovery to the undersigned.

## II. MEMORANDUM OF LAW

Rule 7(c) governs the nature and contents of an indictment. Fed. R. Crim. P. 7(c). It requires the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *Id.* It is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Pursuant to Rule 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fundamentally, "[t]he function of a bill of particulars is to 'cure omissions of details that might enable the defendant to prepare his defense.'" *United States v. Perkins*, 748 F.2d 1519, 1526 (11th Cir.

1984) (*quoting United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978)). While an indictment reciting the elements of an offense might survive a motion to dismiss, a bare-bones indictment may not "meet fully the Government's obligation to permit defendant to prepare a defense." *Haas*, 583 F.2d at 221. Under these circumstances, a bill of particulars is necessary. *Id.* As future Supreme Court Justice Charles Evans Whittaker wrote in *United States v. Smith*, 16 F.R.D. 372, 374-75 (W.D. Mo. 1954):

> Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information is good against a motion to quash or a demurrer. Its proper office "is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial", and when necessary for those purposes, is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature", and an accused is entitled to this "as of right"… It seems quite clear that 'where charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, a bill of particulars should be ordered.'
>
> This must necessarily be true when we realize that there is no discovery means in criminal cases, such as provided by the civil rules for civil cases, and that the only means open to a defendant, in a criminal case, for the securing of the details of the charge against him is that afforded by Rule 7(f) of the Federal Rules of Criminal Procedure. "Bills of particulars have grown from very small and technical beginnings into most important instruments of justice…

(internal citations omitted). However, bills of particular are seldom seen in modern federal practice, *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). Although criminal discovery has evolved modestly since 1954, "[c]ommentators have long recognized that neither Supreme Court precedent nor the Federal Rules effectively require prosecutors to provide the defense with enough discovery to properly prepare for plea negotiations and

4

trial." Daniel S. McConkie, *The Local Rules Revolution in Criminal Discovery*, 39 Cardozo L. Rev. 102 (2017). Indeed, the rules have not been amended to eliminate a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), *cert. den. sub nom Moore v. United States*, 475 U.S. 1022 (1986).

A bill of particulars is intended to give the defendant the minimum amount of information necessary to permit him to conduct his own investigation. *United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985). The fact that a defendant may have some or all of the information does not necessarily defeat his right to a bill of particulars. *United States v. Spur Knitting Mills, Inc.*, 187 F. Supp. 653 (S.D.N.Y. 1960). "The issue on a motion for a bill of particulars is what the Government intends to prove upon the trial in support of its charge. The defendant is entitled to this information in order properly to prepare to meet the charges and to avoid surprise upon the trial." *Id*. at 654. Where an indictment fails to set forth specific facts in support of the elements of the charged offense and the information is essential to the defense, failure to grant a motion for bill of particulars may be reversible error. *United States v. Cole*, 755 F.2d 748 (11th Cir. 1985). Where the indictment uses generic, rather than specific, allegations a bill of particulars is necessary "to clarify the specific factual theory (or theories) upon which the Government intends to proceed." *United States v. Chandler*, 753 F.2d 360, 362 (4th Cir. 1985).

While paragraph 1 alleges that Mr. Greenberg <u>used</u> the mail, an interactive computer service, and other means of interstate commerce to cause the victim distress, paragraph 2 alleges that he <u>caused</u> letters to be sent by mail. It does not, however, allege how he caused this to be done. It does not allege whether he used another person to initiate the mailing of these letters, who that might be, or how many such persons there might be. An indictment charging a defendant with causing or procuring another person to commit an act must state the name of the other person or persons, or allege that the name is unknown. *United States v. Simmons*, 98 U.S. 360 (1877) (while it appears *Simmons* remains good law, it does not appear to have been cited after 1970); *see also United States v. Williams*, 113 F.R.D. 177 (M.D. Fla. 1986) (motion for bill of particulars granted insofar as it sought a list of unindicted co-conspirators, at least when that information was not otherwise known to defendants).

In addition, while the indictment alleges certain posts were made on Twitter and Facebook, it fails to identify even one allegedly offending post during the more than one month that the government assets within which the crime took place. This is similar to *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C 1998), wherein the court noted that "a defendant should not have to waste precious pre-trial preparation time guessing which statements he has to defend against…when the Government knows precisely the statements on which it intends to rely and can easily provide the information." *See also United States v. Bortnovsky*, 820 F.2d 572 (2d Cir 1987) (finding the trial court erred in denying a motion for bill of particulars where the defendant was entitled to specifics the government intended to rely

6

upon to sustain a conviction).[3]

Further, there is no good reason to require Mr. Greenberg to guess which of the thousands of school employees in the Middle District of Florida[4] might be the "school employee," whose existence is alleged in this indictment, or the name of the school[5] which employed him and which allegedly received letters about "the school employee." The lack of allegations to identify the victim and his or her employer impact all three purposes of the bill of particulars. Mr. Greenberg cannot reasonably be expected to prepare a defense against the accusations of thousands of potential victims. There is also a possibility that at trial, the government might seek to introduce evidence relating to an alleged victim whom Mr. Greenberg did not anticipate. Of course, whether Mr. Greenberg is acquitted or convicted of stalking a victim identified at trial, this vague indictment would not permit him to assert a double jeopardy defense if the government elects to prosecute the same charges relating to a different school employee.

---

[3] The Court also found that providing discovery was not a substitute for a bill of particulars. 820 F.2d at 575.

[4] The Orange County Public Schools System alone employs more than 25,000 persons, see https://www.ocps.net/cms/One.aspx?portalId=54703&pageId=972483 (last visited July 13, 2020), and the Middle District encompasses 35 Florida counties, including the heavily populated Duval (Jacksonville) and Hillsborough (Tampa) counties. The number of private school employees potentially encompassed in this vague allegation is unknown.

[5] The Orange County Public School system alone operates 199 schools, see https://www.ocps.net/schools#:~:text=Orange%20County%20Public%20Schools%20is,for%20the%20prior%20academic%20year (last visited July 13, 2020).

Further, Mr. Greenberg is entitled to a bill of particulars to obtain information that would permit him to prepare an appropriate defense. *United States v. Sharpe*, 438 F.3d 1257, 1263-64 n.3 (11th Cir. 1986). This includes the specific postings and mailings the government intends to rely on at trial. The Eleventh Circuit has outlined four types of evidence that a defendant is entitled to present during trial:

> First, a defendant must generally be permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense. Second, a defendant must generally be permitted to introduce evidence pertaining to collateral matters that, through a reasonable chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain. Third, a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of a crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness. Finally, a defendant must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light, such that a reasonable jury might receive it differently.

*United States v. Hurn*, 368 F.3d 1359, 1363 (11th Cir. 2004) (footnotes omitted).

### III.   CERTIFICATION OF CONFERRING WITH OPPOSING COUNSEL

Pursuant to the Court's Criminal Scheduling Order (doc. 22), undersigned certifies that (1) the undersigned counsel conferred with opposing counsel; (2) the undersigned counsel have been unable to resolve the motion by agreement; and (3) the motion concerns matters not covered by the scheduling order.

### IV.   CONCLUSION

WHEREFORE the defendant, JOEL MICAH GREENBERG, respectfully requests that this Court order he Government to provide him with a bill of particulars specifying the

following information:

    a.    The identity of the alleged victim.

    b.    The identity of the school that employed the alleged victim.

    c.    Information relating how Mr. Greenberg caused the "very concerned teacher" account and posts to be made as alleged in paragraph 4.

    d.    The beginning date of the alleged course of conduct, if it has become known to the government. If the date has not become known to the government, Mr. Greenberg requests that the government be required to supplement its bill of particulars in the event that date does become known to it.

    e.    Identify the specific posts on any social media platform and the mailings that the government asserts violated the law.

Respectfully submitted on July 14, 2020.

        **LAW OFFICES OF**
        **HORWITZ & CITRO, P.A.**

        *s/Mark L. Horwitz*
        MARK L. HORWITZ
        Florida Bar Number: 147442
        mark@horwitzcitrolaw.com
        *s/ Vincent A. Citro*
        VINCENT A. CITRO
        Florida Bar Number: 0468657
        vince@horwitzcitrolaw.com
        17 East Pine Street
        Orlando, Florida 32801
        Telephone: (407) 843-7733
        Facsimile: (407) 849-1321
        Attorneys for Joel Micah Greenberg

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Roger B. Handberg Assistant United States Attorney, United States Attorney's Office, 400 West Washington Street, Suite 3100, Orlando, Florida 32801 at roger.handberg@usdoj.gov, and Jennifer M. Harrington, Assistant United States Attorney, United States Attorney's Office, 400 West Washington Street, Suite 3100, Orlando, Florida 32801, at jennifer.harrington2@usdoj.gov.

*s/ Vincent A. Citro*
VINCENT A. CITRO
Florida Bar Number: 0468657
Attorney for Joel Micah Greenberg