FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2020 JUL 15 PM 3: 47

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

JOEL MICAH GREENBERG

CASE NO. 6:20-cr-97-Orl-31LRH
18 U.S.C. § 2261A(2)
18 U.S.C. § 1028(a)(7)
18 U.S.C. § 1028(a)(1)
18 U.S.C. § 1028A(a)(1)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Stalking)

#### A. Introduction

At times relevant to this Superseding Indictment:

1.  The defendant, JOEL MICAH GREENBERG, was the elected Tax Collector of Seminole County, Florida, in the Middle District of Florida. JOEL MICAH GREENBERG used the mail, an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and a facility of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a political opponent who worked at a school located in the Middle District of Florida (referred to herein as the "school employee").

2. JOEL MICAH GREENBERG caused letters to be sent by the United States Mail to the school located in the Middle District of Florida where the school employee worked. The letters falsely represented that they were being sent by an anonymous "very concerned student" of the school who had information that the school employee had engaged in sexual misconduct with a particular student, when in truth and in fact, as JOEL MICAH GREENBERG then and there well knew, the allegations were false.

3. JOEL MICAH GREENBERG caused a Twitter account to be set up using the name and photograph of the school employee. JOEL MICAH GREENBERG caused postings to be made using that account that represented that the school employee was a segregationist and in favor of white supremacy, when in truth and in fact, as JOEL MICAH GREENBERG then and there well knew, JOEL MICAH GREENBERG caused the Twitter account to be established without the school employee's knowledge, consent, or authorization. The Internet was used to establish the Twitter account and to make the postings for that account.

4. JOEL MICAH GREENBERG caused a Facebook account to be set up that claimed to belong to a "very concerned teacher" at the school located in the Middle District of Florida where the school employee worked. JOEL MICAH GREENBERG caused postings to be made using that account that

alleged that the school employee had engaged in sexual misconduct with a student, when in truth and in fact, as JOEL MICAH GREENBERG then and there well knew, the allegations were false. The Internet was used to establish the Facebook account and to make the postings for that account.

5. Facebook and Twitter were each an interactive computer service, an electronic communication service, and an electronic communication system of interstate commerce. The Internet was a facility of interstate commerce.

### B. Course of Conduct

6. Beginning on or about a date unknown to the Grand Jury, but not later than on or about October 10, 2019, and continuing through and including on or about November 15, 2019, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

with the intent to harass and intimidate another person, that is, the school employee, did knowingly use the mail, an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and a facility of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, that is, the school employee.

In violation of 18 U.S.C. §§ 2261A(2), 2261(b)(5), and 2.

3

## COUNT TWO
### (Unlawful Use of Means of Identification of Another Person)

1. The Grand Jury hereby realleges paragraphs one through five of Count One of this Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about November 2, 2019, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly transfer, possess, and use in and affecting interstate commerce, without lawful authority, a means of identification of another person, specifically, the name of the school employee on a Twitter account, knowing that such means of identification belonged to an actual person, with the intent to commit, to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, namely, a violation of 18 U.S.C. § 2261A(2), as charged in Count One of this Superseding Indictment.

In violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(2), and 2.

## COUNTS THREE AND FOUR
### (Production of Identification and False Identification Documents)

### A. Introduction

At times relevant to this Superseding Indictment:

1. One of the services provided by some of the branches of the Seminole County Tax Collector's Office was the issuance of Florida driver licenses and Florida identification cards. These services included renewal of Florida driver licenses and Florida identification cards, replacement of Florida driver licenses and Florida identification cards, and transfers of out-of-state and certain out-of-country licenses to Florida.

2. Some customers who came to the Seminole County Tax Collector's Office to obtain a Florida driver license would surrender their old or existing driver licenses to the Seminole County Tax Collector's Office. The Seminole County Tax Collector's Office would shred surrendered driver licenses at a later time.

3. During the time when he was the Seminole County Tax Collector, JOEL MICAH GREENBERG used his access to the Seminole County Tax Collector's Office to take surrendered driver licenses before they were shredded. JOEL MICAH GREENBERG used the surrendered driver licenses that he had taken to cause fake driver licenses to be produced that had his photograph but the personal information of the victims whose driver licenses he had taken.

5

B. **Productions**

4. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly and without lawful authority produce an identification document, as defined in 18 U.S.C. § 1028(d)(3), and a false identification document, as defined in 18 U.S.C. § 1028(d)(4), that is and appears to be a driver's license, and the production of which was in and affected interstate and foreign commerce, as follows:

| **Count** | **Date** | **Identification Document/ False Identification Document** |
| --- | --- | --- |
| **THREE** | On a date unknown to the Grand Jury, but between on or about September 21, 2018 and on or about June 23, 2020 | Puerto Rico driver's license with the defendant's photograph and the name and personal information of E.J.C.C. |
| **FOUR** | On a date unknown to the Grand Jury, but between on or about December 4, 2019 and on or about June 23, 2020 | Florida driver's license with the defendant's photograph and the name and personal information of R.Z. |

In violation of 18 U.S.C. §§ 1028(a)(1), 1028(b)(1), and 2.

**COUNTS FIVE AND SIX**
**(Aggravated Identity Theft)**

1. The Grand Jury hereby realleges paragraphs one through three of Counts Three and Four of this Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the names and dates of birth of the actual people identified below, during and in relation to a felony violation of production without lawful authority of an identification document and a false identification document, in violation of 18 U.S.C. § 1028(a)(1) as charged in Counts Three and Four of this Superseding Indictment, knowing that such means of identification belonged to an actual person, as follows:

| Count | Date | Means of Identification |
|---|---|---|
| FIVE | On a date unknown to the Grand Jury, but between on or about September 21, 2018 and on or about June 23, 2020 | The name and date of birth of E.J.C.C. |
| SIX | On a date unknown to the Grand Jury, but between on or about December 4, 2019 and on or about June 23, 2020 | The name and date of birth of R.Z. |

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

**FORFEITURE**

1. The allegations contained in Counts Two, Three, and Four are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1028(b)(5).

2. Upon conviction of a violation of 18 U.S.C. § 1028, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1028(b)(5), any personal property used or intended to be used to commit the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028(g).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

By: _____
Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JOEL MICAH GREENBERG

## SUPERSEDING INDICTMENT

Violations:

18 U.S.C. § 2261A(2)
18 U.S.C. § 1028(a)(7)
18 U.S.C. § 1028(a)(1)
18 U.S.C. § 1028A(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 15th day of July, 2020.

_____
Clerk

Bail   $_____

GPO 863 525