UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:20-cr-97-Orl-31LRH

JOEL MICAH GREENBERG

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
AMENDED MOTION FOR A BILL OF PARTICULARS**

## I. INTRODUCTION

From the beginning of this case, the defendant has known who the victim identified in Counts One and Two is.[1] At the defendant's initial appearance, the United States requested that the defendant have no contact with the victim. In response, the defendant advised that the defendant expected to have contact during campaign events with the person who he believed the victim might be. As a result of that response, the Magistrate Judge ordered "[n]o direct or indirect contact with the victim of the offense,

---

[1] For purposes of this response, the United States will use the term "victim" to refer to the victim identified as the "school employee" in Counts One and Two of the Superseding Indictment. The day after the defendant filed his Amended Motion for a Bill of Particulars, the defendant was charged in a Superseding Indictment, which added new identity theft-related charges for two new victims. The defendants knows the identities of those victims, because the defendant used their identities to produce two fake driver's licenses with his photograph and his victims' personal information. The defendant also has been provided with discovery that identities those victims and that establishes that the defendant used his former position as the Seminole County Tax Collector to steal the personal information of those victims.

1

aside from contact in connection with public campaign events and public matters associated with the campaign." Doc. 8, at 5. The defendant has never expressed any issue in abiding by this term of his conditions of release.

Since the defendant's initial appearance, the United States has timely provided over 5,300 pages of documents in discovery. In that discovery, the victim is identified, by first or last name, on over 400 occasions. The discovery also identifies, by name, in over 300 places the school where the victim works. If there was any ambiguity on either of those points, the discovery includes copies of the imposter Facebook account that the defendant established using the false identity of a teacher at the school where the victim works and the imposter Twitter account that the defendant established using the name and photograph of the victim.

The Eleventh Circuit has consistently held that "a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017). The Eleventh Circuit also has denied requests for bills of particulars that seek to require the United States to detail its evidence and theories of the case. The result should be the same here, and the defendant's Amended Motion for a Bill of Particulars should be denied.

## II.   STATEMENT OF FACTS

### A.   Overview of Charges and Motion for Bill of Particulars

On July 15, 2020, a federal Grand Jury returned a Superseding Indictment charging the defendant, Joel Micah Greenberg, with stalking, in violation of 18 U.S.C. § 2261A (Count One); unlawful use of a means of identification of another person, in violation of 18 U.S.C. § 1028(a)(7) (Count Two); production without lawful authority of an identification document and a false identification document, in violation of 18 U.S.C. § 1028(a)(1) (Counts Three and Four); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts Five and Six).   Doc. 28.

The defendant's Amended Motion for a Bill of Particulars relates only to the victim for Counts One and Two.   In his Motion, the defendant asserts that "there is no good reason to require Mr. Greenberg to guess which of the thousands of school employees in the Middle District of Florida might be the 'school employee,' whose existence is alleged in this indictment, or the name of the school which employed him and which allegedly received letters about 'the school employee.'"   Doc. 26, at 7.   The defendant is concerned that "at trial, the government might seek to introduce evidence related to an alleged victim whom Mr. Greenberg did not anticipate" and that "whether Mr. Greenberg is aquitted or convicted of stalking a victim identified at trial, this vague

indictment would not permit him to assert a double jeopardy defense if the government elects to prosecute the same charges relating to a different school employee." *Id.* at 7. The defendant notes that there are "more than 25,000 persons" employed in the Orange County Public School System and that there are many more in the 35 counties that comprise this District. *Id.* at 7 n. 5.

The defendant expresses the same concerns about the identity of the school where the victim works. In addition, the defendant wants the United States to set out its theory of the case as to how the defendant "caused the 'very concerned teacher' account and posts to be made as alleged in paragraph 4" and to itemize its evidence as to the "specific posts on any social media platform and the mailings that the government asserts violated the law." *Id.* at 9. The defendant also requests that the Government be ordered to advise the defendant on an ongoing basis if it determines the beginning date of the defendant's offense is earlier than the date set out in the Superseding Indictment ("Beginning on or about a date unknown to the Grand Jury, but not later than on or about October 10, 2019"). *Id.*

### B. Overview of Count One

Count One alleges that the defendant engaged in a course of conduct that caused substantial emotional distress to another person. The person is identified as "a political opponent who worked at a school located in the

4

Middle District of Florida (referred to herein as the 'school employee')." Doc. 28, at 1. The Superseding Indictment advises the defendant that "[a]s part of that course of conduct, Greenberg caused letters to be sent to the school where the school employee worked" and that "[t]he letters falsely represented that they were being sent by an anonymous 'very concerned student' of the school who had information that the school employee had engaged in sexual misconduct with a particular student, which Greenberg knew was false." *Id.*

The discovery provided in the case identifies the victim by name. It also identifies the school where the victim works. The discovery includes copies of the nine letters that were sent to the school, as well as extensive information about the fingerprint and DNA evidence that prove that the defendant committed the offenses.

As for the content of the letters, the defendant has received that in discovery as well. In those letters, the fictitious "very concerned student" accuses the victim, by name, of repeatedly sexually assaulting a student, both orally and anally, and recording one of the assaults using a cell phone. Each of the nine letters includes a fake document that was made to appear to be from the victim's Facebook account. In the fake document, the victim is represented as telling the student, "Please remember to keep this a secret. I could go to jail."

The defendant's "course of conduct" was not limited to the nine letters. As part of his course of conduct, the defendant caused a Facebook account to be set up that claimed to belong to a "very concerned teacher" at the school where the victim worked. Those postings falsely represented, among other things, that the victim had been involved in the "rape of a male student who came to [the victim] to seek counsel on the student's sexuality" and that the victim had videotaped one of the "sexual encounter[s]" with the student.

The discovery in the case includes a copy of the imposter Facebook account obtained pursuant to a federal search warrant and screen shots of the various posts that were made using the false identity of a teacher at the victim's school. As with the letters, there is no ambiguity as to who the victim is. A search of the warrant return for the Facebook account shows that the victim's name is used in 25 different places, including in postings where the defendant falsely accused the victim, by name, of sexual misconduct involving a student. The name chosen by the defendant for the imposter Facebook account uses the name of the school where the victim works. In fact, the name of that school can be found in over 40 separate places in the Facebook search warrant return.

The situation is similar for the imposter Twitter account. The defendant caused an imposter Twitter account to be set up using the victim's name and photograph for the purpose of transmitting posts that falsely represented,

6

among other things, that the victim was a segregationist and in favor of white supremacy. The fact that the imposter Twitter account was used with the victim's name and photograph puts the defendant on notice as to who the victim is. As with the imposter Facebook account, the victim is identified, by name, in the Twitter search warrant return.

All of this is already known by the defendant. As detailed in the discovery in this case, the defendant established the imposter Facebook and Twitter accounts at his residence. The IP address used to open both accounts comes back to his home. In addition, for the email account that was used to set up the imposter Twitter account, the defendant provided an email address that used his personal email domain (@joelgreenberg.net).

The discovery also details some of the impacts that the defendants' crimes have had on the victim. The defendant's motive was to falsely allege that the victim had committed a terrible crime to get law enforcement to investigate the victim. The defendant's plan work. Law enforcement investigated the victim, and the victim took administrative leave from work. After investigating the matter, local authorities found that there was no evidence that the school employee had committed any criminal activity against a child and concluded the allegations were unfounded.

The United States has provided a number of other items in discovery in this case, including an interview summary of the victim where the victim is identified by name on over 35 occasions, files received from the investigation by local authorities, and evidence related to the Rule 404(b) notice regarding the defendant's other thefts of the personal information of other victims. The United States also has summarized much of the evidence in the case in the portions of the various search warrant affidavits that relate to the stalking investigation.

The discovery notifies the defendant that the beginning date of the offense corresponds to the postmark on the first envelope that was mailed to the victim's school, which was October 10, 2019. The discovery also advises the defendant that probable cause has been found that he was involved in a conspiracy. The defendant has been provided with the portions of federal search warrants related to the stalking investigation where his unindicted conspirator is identified, by name, in 15 places.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

The defendant's motion for a bill of particulars should be denied. "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the

event of a later prosecution for the same offense.'" *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). If an indictment sufficiently apprises the defendant of the charges and allows the defendant to prepare for trial, no bill of particulars is warranted. *See United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977).

That is the case here. The Superseding Indictment does not allege that the victim is some unidentified person among the thousands of school employees in the Middle District of Florida. Instead, the Superseding Indictment identifies the victim as a very specific person. The Superseding Indictment identifies the victim by the following (Doc. 28, at 1-3):

- The victim is "a political opponent who worked at a school located in the Middle District of Florida."

- The victim is the person about whom Greenberg sent letters to the school where the victim works that falsely accused the victim of "engag[ing] in sexual misconduct with a particular student."

- The victim is the person about whom Greenberg established an imposter Facebook that claimed to belong to a "very concerned teacher" at the school where the victim works, which Greenberg used to falsely allege that the victim had engaged in sexual misconduct with a student.

- The victim is the person about whom Greenberg established an imposter Twitter account using the victim's name and photograph, which Greenberg used to falsely represent that the victim was a segregationist and in favor of white supremacy.

9

Through the detailed allegations included in Count One, it is clear that there are not "thousands of school employees in the Middle District of Florida" who could be the victim in the case. There is only one.

Even if the Superseding Indictment were not detailed about the victim's identity, the discovery in the case does so.[2] As noted above, the victim is identified, by first or last name, in over 400 places in the discovery. The name of the school is referenced over 300 times. The Eleventh Circuit has consistently recognized that "a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." *Davis*, 854 F.3d at 1293; *see also United States v. Roberts*, 2006 WL 827293, at *2 (11th Cir. Mar. 30, 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery."). Given the detailed nature of the identification of the victim and the victim's school in the Superseding Indictment and the hundreds of references to the victim and the school in the discovery that the defendant has received, the defendant's request

---

[2] On July 14, 2020, the United States timely provided its discovery related to the Indictment. Defense counsel did not have the benefit of that discovery prior to filing their motion, because Rule 7(f) set the deadline for their motion for the same date that discovery was due. Given that the defendant now has the discovery regarding the various items covered in its Motion, the United States respectfully submits that the defendant's Motion should be denied.

for a bill of particulars regarding the identities of the victim and the school where the victim works is without basis and should be denied.

As for the defendant's requests to compel the United States to itemize "the specific posts on any social media platform and the mailings that the government asserts violated the law" and to set forth its theory as to "how Mr. Greenberg caused the 'very concerned teacher' account and posts to be made as alleged in paragraph 4" (Doc. 26, at 9), the Eleventh Circuit has held that these types of request are "not an appropriate basis for seeking a bill of particulars:"

> Holzendorf sought a bill of particulars detailing every single misrepresentation the government intended to show at trial. That request was nothing more than a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it planned to introduce at trial. That is not an appropriate basis for seeking a bill of particulars.

*United States v. Holzendorf*, 576 Fed. App'x 932, 935-36 (11th Cir. Aug. 14, 2014).

"A bill of particulars may not be used 'to obtain a detailed disclosure of the government's evidence prior to trial.'" *Davis*, 854 F.3d at 1293 (quoting *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973)). And it is "not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980). Applying those principles, the defendant's requests for the United States to detail its evidence and theory of the case should be denied.

11

Nevertheless, as is the case with the identities of the victim and the school, the United States already has provided the defendant, through the Superseding Indictment and discovery, with the information and evidence that the defendant needs to "minimize surprise at trial" as to what his "course of conduct" was. In the Superseding Information and the discovery, there is information and evidence related to the defendant's use of the false letters, the imposter Facebook account, the imposter Twitter account, and the efforts of an unindicted conspirator to conspire with the defendant to perpetrate the offense, among other things. The defendant also has been provided with an array of evidence that establishes his personal participation in the offenses, including evidence related to his fingerprints and DNA, the use of the IP address for his residence to establish the imposter Facebook and Twitter accounts, and the use of his own email domain for the email account that was used to open the imposter Twitter account, among other things. Nothing more is required.[3]

---

[3] At any rate, with respect to the letters and the imposter Facebook and Twitter accounts, the defendant should assume that the United States will seek to introduce at trial all of the contents of the letters and the imposter Facebook and Twitter accounts and any of the other evidence related to those items. The defendant sent the letters and established the imposter Facebook and Twitter accounts for the purpose of falsely accusing the victim of a crime, promoting the false allegations, and harassing, intimidating, and causing substantial emotional distress to the victim. It is not a situation where either of those accounts served any legitimate purpose.

To the extent that the defendant is seeking information about any unindicted conspirators, the defendant already has been provided with that information. Portions of the search warrant affidavit for the defendant's residence relating to the stalking investigation identify an unindicted conspirator by name, and the warrant reflects the fact that probable cause has been found that the defendant conspired with that unindicted conspirator.

The defendant has no basis for seeking any further disclosures. With respect to unindicted conspirators, "[a] bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses." *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979). Even then, the Eleventh Circuit has denied requests, such as the type of requests made by the defendant in this case, to identify the Government's witnesses or unnamed conspirators. *See Anderson*, 799 F.2d at 1442 (stating that "a defendant has no right to obtain a list of witnesses by simply calling his request a 'bill of particulars'"); *Colson*, 662 F.2d at 1391 (finding that a defendant "in essence . . . complains not of any harm but of a denial of a form of discovery" in not obtaining a bill of particulars to identify unindicted conspirators and the dates and locations of relevant acts where the defendant knew the identity of the unindicted conspirators who the government called as witnesses at trial and impeached them).

13

Regardless, none of this is an issue in this case. The United States does not intend on calling any unindicted conspirators as witnesses. If that changes, the United States will notify the defense through the normal discovery process. Moreover, the United States already has identified, by name, an unindicted conspirator. Under these circumstances, there is no basis for directing the United States to issue a bill of particulars.

Lastly, the defendant cites no authority for seeking to compel the United States to provide a bill of particulars in the future if the beginning date of the defendants' course of conduct "become[s] known to the government." Doc. 26, at 9. Such a request is inconsistent with the law regarding the charging of dates in an indictment. In particular, the 11th Circuit's Pattern Jury Instructions recognize that the "Government doesn't have to prove that the crime occurred on an exact date," but "only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged." 11th Circuit Pattern Instructions, Basic Instruction No. 9.1A (2017).

A denial of such a prospective bill of particulars will not prejudice the defendant in this case. The defendant has received in discovery, and will continue to receive in discovery, evidence and information related to the beginning date of his offense. There is no need to order a perpetual bill of particulars to provide the defendant with the same information that the

14

defendant will receive through discovery. Indeed, "generalized discovery is not a proper purpose in seeking a bill of particulars," and the defendant's request for one in this case should be denied. *See Colson*, 662 F.2d at 1391 (citing *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978)).

In sum, the defendant's request for a bill of particulars is moot, because the defendant has received, and will continue to receive, detailed information in the Superseding Indictment and in discovery that will "minimize unfair surprise" as to the Government's case. For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's Amended Motion for a Bill of Particulars.[4]

---

[4] In his Motion, the defendant makes allegations that have nothing to do with his request for a bill of particulars, such as the fact that the defendant was arrested and his residence was searched without advance warning. The United States will not take the time to respond to that allegation or any of the others, except to note that the defendant's criticisms are unfounded. The defendant has been treated no differently than any other defendant who continues to commit crimes while under investigation, whose case involves a victim, and who is a likely candidate to destroy or hide evidence if given advance warning about a search warrant.

Date:  July 29, 2020

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:  *s/ Roger B. Handberg*
     ROGER B. HANDBERG.
     Assistant United States Attorney
     Florida Bar No. 0241570
     400 W. Washington Street, Suite 3100
     Orlando, Florida 32801
     Telephone:(407) 648-7500
     Facsimile:(407) 648-7643
     E-mail:  roger.handberg@usdoj.gov

U.S. v. GREENBERG                    Case No. 6:20-cr-97-Orl-31LRH

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mark L. Horwitz
    Vincent A. Citro

                            Respectfully submitted,

                            MARIA CHAPA LOPEZ
                            United States Attorney

    By:   *s/ Roger B. Handberg*
           ROGER B. HANDBERG.
           Assistant United States Attorney
           Florida Bar No. 0241570
           400 W. Washington Street, Suite 3100
           Orlando, Florida 32801
           Telephone:(407) 648-7500
           Facsimile:(407) 648-7643
           E-mail:  roger.handberg@usdoj.gov