UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                            Case Number: 6:20-cr-97-Orl-31LRH

v.

JOEL MICAH GREENBERG,

    Defendant.
_____/

**JOEL MICAH GREENBERG'S MOTION TO DISMISS COUNTS FIVE & SIX ON THE GROUNDS THAT THE COUNTS ARE MULTIPLICITOUS AND MEMORANDUM OF LAW**

Defendant Joel Micah Greenberg, through counsel, moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b), to dismiss counts five and six of the Superseding Indictment ("indictment"), dkt. 28, because the aggravated identity theft counts charged in counts five and six are multiplicitous of the production of identification and false identification documents charged in counts three and four.

**I.**      **STATEMENT OF FACTS**[1]

    1.    On July 16, 2020, Mr. Greenberg was charged with violating federal law six times.

---

[1] Mr. Greenberg does not admit any of the allegations in the indictment. However, when considering a motion to dismiss the Court is confined to the allegations in the indictment. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). While the government has opposed Mr. Greenberg's request for a Bill of Particulars (dkt. 38), the government gratuitously relied on statements not in the indictment in its response to Mr. Greenberg's motion to dismiss counts one and two (dkt. 41).

2. Count three alleges Mr. Greenberg produced a Puerto Rico driver's license, which the government contends was either an identification document or false identification document, in violation of 18 U.S.C. § 1028(a)(1).

3. Count four alleges Mr. Greenberg produced a Florida driver's license, which the government contends was either an identification document or false identification document, in violation of 18 U.S.C. § 1028(a)(1).

4. Count five alleges that Mr. Greenberg committed aggravated identity theft by transferring,[2] possessing, or using the identification in count three, in violation of 18 U.S.C. § 1028A. Count five cannot stand without alleging a predicate crime, which in the indictment is count three.

5. Count six alleges that Mr. Greenberg committed aggravated identity theft by transferring,[3] possessing, or using the identification in count four, in violation of 18 U.S.C. § 1028A. Count six cannot stand without alleging a predicate crime, which in the indictment is count four.

6. Counts three and five allege the same offense took place "[o]n a date unknown to the Grand Jury, but between on or about September 21, 2018 and on or about June 23, 2020."

---

[2] Neither count three nor the discovery makes any mention of Mr. Greenberg transferring the identification. "The term 'transfer' includes selecting an identification document, false identification document, or document-making implement and placing or directing the placement of such identification document, false identification document, or document-making implement on an online location where it is available to others." 18 U.S.C. § 1028(d)(10).

[3] Neither count four nor the discovery makes any mention of Mr. Greenberg transferring the identification.

7. Counts four and six allege the same offense took place "[o]n a date unknown to the Grand Jury, but between on or about December 4, 2019 and on or about June 23, 2020."

8. According to the indictment, on page 5, Mr. Greenberg "used...surrendered driver licenses…to cause fake driver licenses to be produced…" Dkt. 28. According to the indictment, Mr. Greenberg possessed and used information to produce "fake driver licenses" containing that information on the same dates.

## II. MEMORANDUM OF LAW

A motion to dismiss an indictment that charges multiplicitous counts may be made before trial or at any time during pendency of the case. Fed. R. Crim. P. 12(b)(2), (b)(3)(B)(ii). "It is perfectly proper, and in fact mandated, that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense." *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983).

The Double Jeopardy Clause of the Fifth Amendment provides, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. This clause has been interpreted to prohibit both "successive prosecutions for the same offense" and the imposition of "multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998). Although <u>a single transaction</u> can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause, *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1980), separate convictions based on the <u>same conduct</u> violate the protections against multiple punishments, and are multiplicitous, *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991).

> Multiplicity is the charging of a single offense in more than one count…When the government charges a defendant in multiplicitous counts, two vices may arise. First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes--not one.

*Id* (citations omitted). A multiplicitous indictment invites the jury to convict a defendant numerous times for the same offense. *See United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). This could have an adverse psychological impact on the jury against the defendant. *See United States v. Smith*, 591 F.2d 1105, 1108 (5th Cir. 1979).[4]

To determine whether counts sufficiently distinct and not multiplicitous, courts must use the test in *Blockburger v. United States*, 284 U.S. 299 (1932).

> Under the Blockburger test, "[i]f the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Accordingly, "two different statutes define the 'same offense,' typically because one is a lesser included offense of the other."

*United States v. Wayerski*, 624 F.3d 1342, 1351 (11th Cir. 2010) (quoting *Rutledge v. United States*, 517 U.S. 292, 297 (1996)). A corollary to this is that "prosecution for a greater offense . . . bars prosecution for a lesser included offense." *United States v. Dixon*, 509 U.S. 688, 705 (1993).

The *Blockburger* test requires the Court to focus on the statutory elements of each offense, and not the actual evidence the government intends to prove at trial. *Illinois v. Vitale*, 447 U.S. 410, 416 (1980). In the end, the Court must determine whether proof of one

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

of the two offenses "necessarily includes proof of" the other. *Ball v. United States*, 470 U.S. 856, 862 (1985).

Applying Blockburger's precise terms to the counts of this indictment, each offense must contain an element not contained in the other to be separate offenses. *See Dixon*, 509 U.S. at 696 (citing *Blockburger*, 284 U.S. at 304). Counts five and six allege the same offenses alleged in counts three and four because one cannot produce an identification document without also possessing and using means of identification. *But see United States v. Etenyi*, 720 Fed. Appx. 445, 454 (10th Cir. 2017) (rejecting a multiplicitous challenge because § 1028(a)(1) requires proof that a defendant produced an identification document, but § 1028A does not; and § 1028A requires proof that a defendant possessed or used a means of identification of another person, but 1028(a)(1) does not).

In *Etenyi*, the defendant used the means of identification of another to cause a government clerk to produce an identification document that was given to the defendant. *See id*. at 448. The defendant had the identification document in his wallet when immigration authorities arrested him. *See id*. at 449. While *Etenyi* Court found § 1028(a)(1) and § 1028A charges were not multiplicitous, the court did not examine what it meant to use or possess the means of identification while producing an identification document.

According to the statute, "'produce' includes alter, authenticate, or assemble." 18 U.S.C. § 1028(d)(9). Said another way, one must possess and use means of identification to produce an identification document. The government cannot prove that Mr. Greenberg produced an identification document without also proving that he possessed and used a means of identification.

The Eleventh Circuit has an expansive definition of "use" in §§ 1028 and 1028A. In *United States v. Munksgard*, 913 F.3d 1327, 1333-36 (11th Cir. 2019), the Eleventh Circuit adopted "an interpretation of 'use[]' that more broadly forbids one from 'employ[ing]' or 'convert[ing] to [his] service' another's name." At 1335. Producing an identification document by using the means of identification for E.C.J.J. and R.Z is the same thing as using and possessing those same means of identification. Therefore, counts five and six are multiplicitous of counts three and four.

Counts five and six cannot be permitted to go forward because they rely on a predicate crime, whereas counts three and four may stand on their own. Counts three and four allege production of an identification or false identification document, which requires the government to prove "1) 'the defendant knowingly and intentionally produced and aided and abetted the production of an identification document,' (2) 'he did so without lawful authority, meaning it was unlawful for him to do so,' and (3) 'the production of the identification document was in or affected interstate commerce.'" *Etenyi*, 720 Fed Appx. at 454. Counts five and six allege aggravated identity theft, which require the government to prove:

> (1) the Defendant knowingly transferred, possessed, or used another person's [means of identification] [identification documents];
>
> (2) without lawful authority; and
>
> (3) during and in relation to [the eligible felony alleged in the indictment]

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction No. 40.3.

The third element, "the eligible felony alleged in the indictment," is the production offense, making counts five and six multiplicitous.

### III.   CERTIFICATION OF CONFERRING WITH OPPOSING COUNSEL

Pursuant to the Court's Criminal Scheduling Order (dkt. 22), undersigned certifies that (1) the undersigned counsel conferred with opposing counsel; (2) the undersigned counsel have been unable to resolve the motion by agreement; and (3) the motion concerns matters not covered by the scheduling order.

### IV.   CONCLUSION

WHEREFORE, for the reasons stated herein, Mr. Greenberg respectfully requests this Court dismiss counts five and six of the indictment as they are multiplicitous.

Respectfully submitted on August 13, 2020.

**LAW OFFICES OF**
**HORWITZ & CITRO, P.A.**

*s/Mark L. Horwitz*
**MARK L. HORWITZ**
Florida Bar Number: 147442
mark@horwitzcitrolaw.com

*s/Vincent A. Citro*
**VINCENT A. CITRO**
Florida Bar Number: 0468657
vince@horwitzcitrolaw.com

17 East Pine Street
Orlando, Florida 32801
Telephone: (407) 843-7733
Facsimile: (407) 849-1321
Attorneys for Joel Micah Greenberg

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 13, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Roger B. Handberg, Assistant United States Attorney, at roger.handberg@usdoj.gov, and Jennifer M. Harrington, Assistant United States Attorney, at jennifer.harrington2@usdoj.gov.

                                          *s/Vincent A. Citro*
                                          **VINCENT A. CITRO**
                                          Florida Bar Number: 0468657
                                          Attorney for Joel Micah Greenberg