# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                       **CASE NO: 6:20-cr-97-Orl-31LRH**

**JOEL MICAH GREENBERG**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**     **DEFENDANT JOEL MICAH GREENBERG'S AMENDED MOTION FOR A BILL OF PARTICULARS AND MEMORANDUM OF LAW (Doc. No. 26)**
>
> **FILED:**     **July 14, 2020**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND

On June 17, 2020, the grand jury returned a two-count Indictment against Defendant Joel Micah Greenberg, who at the time was the elected Tax Collector of Seminole County, Florida. (Doc. 1). Count One charges Mr. Greenberg with stalking in violation of 18 U.S.C. § 2261A(2) and 18 U.S.C. § 2. Count Two charges Mr. Greenberg with unlawful use of means of identification of another person (*i.e.*, using a fake identity), in violation of 18 U.S.C. § 1028(a)(7) and 18 U.S.C. § 2. (*Id.*). On July 15, 2020, the grand jury returned a Superseding Indictment which realleged

the same two counts as the original Indictment,[1] along with two new counts of production of identification and false identification documents in violation of 18 U.S.C. §§ 1028(a)(1), 1028(b)(1) and 2 (Counts Three and Four), and two new counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts Five and Six).  (Doc. 28).

With respect to the stalking charge, the Superseding Indictment alleges that between October 10, 2010 and November 15, 2019, Mr. Greenberg "used the mail, an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and a facility of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a political opponent who worked at a school located in the Middle District of Florida (referred to herein as the 'school employee')."  (Doc. 28, at 1, 3 ¶¶  1, 6).  The Superseding Indictment goes on to allege that Mr. Greenberg "caused letters to be sent by the United States Mail to the school located in the Middle District of Florida where the school employee worked.  The letters falsely represented that they were being sent by an anonymous 'very concerned student' of the school who had information that the school employee had engaged in sexual misconduct with a particular student."  (*Id.* at 2 ¶ 2).  However, at the time the letters were sent, Mr. Greenberg knew they were false.  (*Id.*).

The Superseding Indictment further alleges that Mr. Greenberg used the Internet to "cause[] a Twitter account to be set up using the name and photograph of the school employee," and that Mr. Greenberg "caused postings to be made using that account that represented that the school employee was a segregationist and in favor of white supremacy."  (*Id.* ¶ 3).  Mr. Greenberg established the Twitter account "without the school employee's knowledge, consent, or authorization."  (*Id.*).

---

[1] As it relates to Counts One and Two, the Indictment and Superseding Indictment are substantively identical, except that the Superseding Indictment adds to Count Two a citation to an additional statutory provision:  18 U.S.C. § 1028(b)(2).  *Compare* Doc. 1, at 4, *with* Doc. 28, at 4.

Last, the Superseding Indictment alleges that Mr. Greenberg used the Internet to "cause[] a Facebook account to be set up that claimed to belong to a 'very concerned teacher' at the school located in the Middle District of Florida where the school employee worked." (*Id.* ¶ 4). Mr. Greenberg "caused postings to be made using that account that alleged that the school employee had engaged in sexual misconduct with a student," however, Mr. Greenberg knew that the allegations were false. (*Id.*).

With respect to the false identity charge, the Superseding Indictment alleges that on November 2, 2019, Mr. Greenberg knowingly transferred, possessed, and used in interstate commerce the name of the school employee on a Twitter account, knowing that the name belonged to an actual person, with the intent to commit the stalking activities listed in Count One. (Doc. 28, at 4).

On July 14, 2020, Mr. Greenberg filed an Amended Motion for a Bill of Particulars. (Doc. 26).[2] Mr. Greenberg requests an order requiring the United States to provide him with the following information: (1) the identity of the alleged victim; (2) the identity of the school that employed the alleged victim; (3) information relating how Mr. Greenberg caused the "very concerned teacher" account and posts to be made; (4) the beginning date of the alleged course of conduct, if it has become known to the United States, and if the beginning date is not yet known to the United States, an order requiring the United States to supplement its bill of particulars once the date does become known; and (5) to identify the specific posts on any social media platform and the

---

[2] The present motion, which was filed the day prior to the issuance of the Superseding Indictment, only relates to Counts One and Two. (Doc. 26). Because Counts One and Two are substantively identical in both the original Indictment and the Superseding Indictment, and because Mr. Greenberg has not, as of the date of this Report, filed a second amended motion seeking to add or change any of his arguments, I will consider the present motion to apply to Counts One and Two of the Superseding Indictment, and I will cite to the Superseding Indictment for the balance of this report.

mailings that the United States asserts violated the law. (*Id.* at 9). The United States has filed a timely response in opposition, requesting that the motion be denied in its entirety. (Doc. 38).

The motion is therefore ripe for review and has been referred to me for the issuance of a report and recommendation. For the reasons set forth below, I will recommend that the amended motion for a bill of particulars be denied.

## II.   ANALYSIS

Under Federal Rule of Criminal Procedure 7(f) "a defendant may move for a bill of particulars before or within 14 days after arraignment." A bill of particulars is used to provide a defendant with sufficient details of the crime so as to: (1) allow for the preparation of an adequate defense; (2) minimize surprise at trial; and (3) enable him to plead double jeopardy in the event of a later prosecution for the same offense. *See United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citing *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). District courts are afforded broad discretion in ruling on a request for a bill of particulars. *Will v. United States*, 389 U.S. 90, 98–99 (1967). However, a defendant is not "entitled to a bill of particulars with respect to information which is already available through other sources . . . ." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986); *see also United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990). For instance, courts have denied motions for a bill of particulars where the defendant has received information through the discovery process, which remained open at the time the motion was filed. *See United States v. Pringle*, No. 6:17-cr-137-Orl-37KRS, 2017 WL 4297245, at \*4 (M.D. Fla. Sept. 28, 2017); *United States v. Jones*, No. CR213-033, 2013 WL 5651925, at \*3 (S.D. Ga. Oct. 15, 2013). In addition, "[g]eneralized discovery . . . is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." *Anderson*, 799 F.2d at 1441 (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)).

Mr. Greenberg's motion was timely filed.  *See* Docs. 20, 26.  However, upon review of the record, the Superseding Indictment, and the United States' response, I find that Mr. Greenberg's request for a bill of particulars as to the five identified categories of information is not well taken.

Mr. Greenberg's first request for information – the identity of the alleged victim – is satisfied both by allegations of the Superseding Indictment and by the voluminous discovery already produced by the United States.  The Superseding Indictment identifies the alleged victim as "a political opponent who worked at a school located in the Middle District of Florida."  (Doc. 28, at 1 ¶ 1).  Contrary to Mr. Greenberg's assertions, this narrowly defined characterization of the alleged victim does not equate to "thousands of school employees" – but rather narrows down the universe of potential victims to the person who is *both* a school employee within the Middle District of Florida *and* a political opponent of Mr. Greenberg, who at the time held the elected position of Seminole County Tax Collector.  The Superseding Indictment further narrows the description of the alleged victim to the person who Mr. Greenberg allegedly:  (1) sent letters to the school accusing the alleged victim of sexual misconduct with a student; (2) created Facebook posts repeating the accusations of sexual misconduct; and (3) established a fake Twitter account representing that the alleged victim was a segregationist and in favor of white supremacy.  And even if this narrow description were insufficient for Mr. Greenberg to discern the alleged victim's identity,[3] the United States represents that it has produced over 5,300 pages of documents in discovery, and in those documents, the alleged victim is identified by first or last name on over 400 occasions.  (Doc. 38, at 2, 6-7).  Thus, the information Mr. Greenberg seeks in his first request has

---

[3] I note that in the order setting Mr. Greenberg's conditions of release, a special condition was added barring him from any direct or indirect contact with the victim, aside from contact in connection with public campaign events and public matters associated with the campaign.  (Doc. 8, at 5).  I doubt Mr. Greenberg would have agreed to such a condition if he was unaware of the victim's identity, for to do so would surely be setting him up to violate his terms of release.

already been provided to him by other sources, and he is therefore not entitled to a bill of particulars. *See United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) ("Importantly, a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment and discovery." (citing *Martell*, 906 F.2d at 558 )).

The second request for information – the identity of the school that employed the alleged victim – is also satisfied by the discovery provided by the United States. Out of the 5,300 pages of document discovery, the school where the alleged victim was employed is listed in over 300 places. The discovery also includes copies of the allegedly fake Facebook account that uses the false identity of a teacher at the school where the alleged victim works, as well as copies of the allegedly false Twitter account which provides the alleged victim's name and photograph. (Doc. 38, at 2). Mr. Greenberg is therefore not entitled to a bill of particulars as to his second request. *See Davis*, 854 F.3d at 1293.

Mr. Greenberg's third request for information as to how he caused the "very concerned teacher" account and posts to be made is similarly deficient. The discovery the United States represents that it has provided to Mr. Greenberg contains, among other things, a copy of the allegedly fake Facebook account, along with screen shots of the various posts that were made using the false identity of a teacher at the alleged victim's school. (Doc. 38, at 6). In addition, the United States represents that it has produced discovery that the fake Facebook and Twitter accounts were created at Mr. Greenberg's residence, that the IP address used to open both accounts tracks to the residence, and that the email account used to set up the fake Twitter account utilizes Mr. Greenberg's personal email domain. (*Id.* at 7). The United States further represents that Mr. Greenberg has been provided portions of federal search warrants that identify by name an unindicted coconspirator. (*Id.* at 8). This is more than sufficient to allow Mr. Greenberg to prepare an adequate defense, to

minimize any surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. Anything more would go beyond what is required under a bill of particulars. *See United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (internal quotation marks omitted) ("A bill of particulars . . . is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980))).

The beginning date of the alleged course of conduct – Mr. Greenberg's fourth request for information – has also previously been provided to him. The Superseding Indictment lists October 10, 2019 as the latest possible date for the course of conduct to commence (Doc. 28, at 3 ¶ 6), and the United States represents that it has produced discovery notifying Mr. Greenberg that the beginning date of the offense corresponds to the postmark on the first envelope that was mailed to the alleged victim's school – October 10, 2019. (Doc. 38, at 8). Mr. Greenberg is not entitled to a bill of particulars with respect to this request.

The United States also represents that it has presented discovery identifying both the social media posts and the mailings that it asserts violated the law (Mr. Greenberg's fifth request for information). Specifically, the United States represents that it has turned over to Mr. Greenberg copies of all nine letters that were sent to the school, as well fingerprint and DNA evidence tying Mr. Greenberg to those letters. (Doc. 38, at 5). This discovery also provides the content of the letters, as well as copies of allegedly fake documents that appear to be from the alleged victim's Facebook account. (*Id.*). And, as discussed above, the United States has also provided discovery about the Facebook posts from the "very concerned student," as well as discovery related to the allegedly fake Twitter account. Because the information has already been provided through other sources, a bill of particulars is not warranted as to this last request for information. *See Davis*, 854

F.3d at 1293. *See also United States v. Holzendorf*, 576 F. App'x 932, 935-36 (11th Cir. 2014) (affirming denial of a motion for bill of particulars where the defendant "sought a bill of particulars detailing every single material misrepresentation the government intended to show at trial. That request was nothing more than a thinly veiled attempt to have the government make a detailed disclosure of the evidence that it planned to present at trial. That is not an appropriate basis for seeking a bill of particulars." (citing *United States v. Perez*, 489 F.2d 51, 71 (5th Cir. 1973))).

In sum, Mr. Greenberg has been provided information about each of the five areas of inquiry, either via the allegations of the Superseding Indictment or via the over 5,300 pages of discovery produced to date. Moreover, the United States has detailed its theory of the prosecution and further expounded on the charges about Mr. Greenberg in its response. (Doc. 38, at 3-8). There is no basis to conclude that the allegations of the Superseding Indictment, the United States' explanation of its theory of prosecution, and the discovery produced to date are insufficient to allow Mr. Greenberg to prepare his defense, minimize surprise at trial, and plead double jeopardy in the event of a subsequent prosecution for stalking and/or false identity. *See Pringle*, 2017 WL 4297245, at * 4 (denying motion for bill of particulars where the indictment "abundantly detail[ed] the alleged scheme," provided the defendant "ample information about his charge," the United States produced over 4,400 pages of discovery, and the United States detailed its theory of the case in its response to the motion).

### III. RECOMMENDATION

For the reasons discussed above, **I RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant Joel Micah Greenberg's Amended Motion for a Bill of Particulars (Doc. 26).

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on August 20, 2020.

*[signature]*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy