FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2020 AUG 19 PM 4:13

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

JOEL MICAH GREENBERG

CASE NO. 6:20-cr-97-Orl-31LRH
18 U.S.C. § 1591(a)
18 U.S.C. § 2722
18 U.S.C. § 1028(a)(7)
18 U.S.C. § 1028(a)(1)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2261A(2)

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### Introduction

At times relevant to this Second Superseding Indictment:

1. As used herein, "Minor Victim" refers to a female who is known to the Grand Jury, and who had attained the age of 14 years but had not attained the age of 18 years at the time of the offenses alleged in Counts One, Two, and Four of this Second Superseding Indictment.

2. As used herein, the term "motor vehicle record" means any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles.

3. As used herein, the term "personal information" means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

4. The Florida Driver and Vehicle Information Database (DAVID) was a database of motor vehicle records for the State of Florida. Individuals with access to DAVID were able to obtain the personal information from the motor vehicle records of millions of current and former residents of Florida. DAVID was an Internet based system that could be accessed over the Internet, an instrumentality and facility of interstate commerce, from any secure computer using the Internet uniform resource locator of https://david.flhsmv.gov. DAVID was used in and affecting interstate commerce.

5. Some employees of the Seminole County Tax Collector's Office had access to DAVID. During the time when he was the Seminole County Tax Collector, JOEL MICAH GREENBERG had a user account with DAVID.

6. One of the services provided by some of the branches of the Seminole County Tax Collector's Office was the issuance of Florida driver

licenses and Florida identification cards. These services included renewal of Florida driver licenses and Florida identification cards, replacement of Florida driver licenses and Florida identification cards, and transfers of out-of-state and certain out-of-country licenses to Florida.

7. Some customers who came to the Seminole County Tax Collector's Office to obtain a Florida driver license would surrender their old or existing driver licenses to the Seminole County Tax Collector's Office. The Seminole County Tax Collector's Office would shred surrendered driver licenses at a later time.

8. During the time when he was the Seminole County Tax Collector, JOEL MICAH GREENBERG used his access to the Seminole County Tax Collector's Office to take surrendered driver licenses before they were shredded. JOEL MICAH GREENBERG also used his access to DAVID to run searches that were not for any permissible use as permitted under 18 U.S.C. § 2721(b). As a result of those searches of DAVID, JOEL MICAH GREENBERG obtained, disclosed, transferred, and used personal information of individuals whose personal information was in a motor vehicle record, including individuals with whom JOEL MICAH GREENBERG was engaged in "sugar daddy" relationships.

9.  JOEL MICAH GREENBERG used a surrendered driver license that he had taken and personal information that he obtained and disclosed from DAVID to cause fake driver licenses to be produced that had his photograph but the personal information of the victims. JOEL MICAH GREENBERG also obtained and disclosed personal information from motor vehicle records in DAVID for uses not permitted under 18 U.S.C. § 2721(b), including to produce a false identification document and to facilitate his efforts to engage in commercial sex acts as defined by 18 U.S.C. § 1591(e)(3).

## COUNT ONE
### (Sex Trafficking of a Child)

1.  The Grand Jury hereby realleges paragraphs one through six and paragraphs eight and nine of the Introduction of this Second Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2.  On a date unknown to the Grand Jury, but between in or about May 2017 and in or about November 2017, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly, in and affecting interstate commerce, recruit, entice, obtain, maintain, patronize, and solicit by any means the Minor Victim, who had attained the age of 14 years but had not attained the age of 18 years, having had

a reasonable opportunity to observe the Minor Victim, and knowing and in reckless disregard of the fact that the Minor Victim had not attained the age of 18 years and would be caused to engage in a commercial sex act as defined by 18 U.S.C. § 1591(e)(3).

In violation of 18 U.S.C. §§ 1591(a), (b)(2), (c), (e)(3), and 2.

## COUNTS TWO AND THREE
### (Driver's Privacy Protection Act Violations)

1. The Grand Jury hereby realleges paragraphs one through nine of the Introduction of this Second Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly obtain and disclose personal information from a motor vehicle record for a use not permitted under 18 U.S.C. § 2721(b), as follows:

| Count | Date | Personal Information Obtained and Disclosed |
|---|---|---|
| TWO | September 4, 2017 | The photograph and driver identification number of the Minor Victim |
| THREE | November 18, 2017 | The photograph and driver identification number of R.Z. |

In violation of 18 U.S.C. §§ 2722, 2723, and 2.

5

## COUNT FOUR
### (Unlawful Use of Means of Identification of Another Person)

1. The Grand Jury hereby realleges paragraphs one through nine of the Introduction of this Second Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about the date set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly transfer, possess, and use in and affecting interstate commerce, without lawful authority, a means of identification of another person, specifically, the name of the victim identified below, knowing that such means of identification belonged to an actual person, with the intent to commit, to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, namely, violations of 18 U.S.C. §§ 1591(a), (b)(2), (c), (e)(2), 2722 and 2723, as charged in Counts One and Two of this Second Superseding Indictment, as follows:

| Count | Date | Means of Identification |
|---|---|---|
| FOUR | September 4, 2017 | The name of the Minor Victim |

In violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(2), and 2.

6

## COUNT FIVE
### (Production of an Identification Document)

On or about the November 11, 2015, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly and without lawful authority produce an identification document, as defined in 18 U.S.C. § 1028(d)(3), that is and appears to be a driver's license, and the production of which was in and affected interstate and foreign commerce, and the identification document was transported in the mail in the course of the production, in that, the defendant used the Internet, an instrumentality and facility of interstate commerce, to obtain a replacement Florida driver license of R.Z. that the defendant paid for over the Internet using a credit card belonging to the defendant and that was sent by United States Mail to an address in the Middle District of Florida.

In violation of 18 U.S.C. §§ 1028(a)(1), 1028(b)(1), and 2.

## COUNT SIX
## (Aggravated Identity Theft)

On or about November 11, 2015, in the Middle District of Florida, and elsewhere, the defendant,

### JOEL MICAH GREENBERG,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the name and date of birth of the actual person identified below, during and in relation to a felony violation of production without lawful authority of an identification document, in violation of 18 U.S.C. § 1028(a)(1) as charged in Count Five of this Second Superseding Indictment, knowing that such means of identification belonged to an actual person, in that the defendant transferred, possessed, and used the name, date of birth, and address of R.Z. to access the Florida Department of Highway Safety and Motor Vehicle's Internet site to obtain a replacement license of R.Z.

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNTS SEVEN AND EIGHT
## (Production of Identification and False Identification Documents)

1. The Grand Jury hereby realleges paragraphs two through nine of the Introduction of this Second Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

8

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly and without lawful authority produce an identification document, as defined in 18 U.S.C. § 1028(d)(3), and a false identification document, as defined in 18 U.S.C. § 1028(d)(4), that is and appears to be a driver's license, and the production of which was in and affected interstate and foreign commerce, as follows:

| Count | Date | Identification Document/ False Identification Document |
|---|---|---|
| **SEVEN** | On a date unknown to the Grand Jury, but between on or about November 11, 2017 and on or about June 23, 2020 | Florida driver's license of R.Z. with the defendant's photograph |
| **EIGHT** | On a date unknown to the Grand Jury, but between on or about September 21, 2018 and on or about June 23, 2020 | Puerto Rico driver's license of E.J.C.C. with the defendant's photograph |

In violation of 18 U.S.C. §§ 1028(a)(1), 1028(b)(1), and 2.

## COUNTS NINE AND TEN
### (Aggravated Identity Theft)

1. The Grand Jury hereby realleges paragraphs two through nine of the Introduction of this Second Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

9

2. On or about the dates set forth below, in the Middle District of Florida, and elsewhere, the defendant,

**JOEL MICAH GREENBERG,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically, the names, dates of birth, and driver's license number of the actual people identified below, during and in relation to a felony violation of production without lawful authority of an identification document and a false identification document, in violation of 18 U.S.C. § 1028(a)(1) as charged in Counts Seven and Eight of this Second Superseding Indictment, knowing that such means of identification belonged to an actual person, as follows:

| **Count** | **Date** | **Means of Identification** |
|---|---|---|
| NINE | On a date unknown to the Grand Jury, but between on or about November 11, 2017 and on or about June 23, 2020 | The name, date of birth, and driver's license number of R.Z. |
| TEN | On a date unknown to the Grand Jury, but between on or about September 21, 2018 and on or about June 23, 2020 | The name, date of birth, and driver's license number of E.J.C.C. |

In violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

## COUNT ELEVEN
## (Stalking)

### A. Introduction

At times relevant to this Second Superseding Indictment:

1. The defendant, JOEL MICAH GREENBERG, was the elected Tax Collector of Seminole County, Florida, in the Middle District of Florida. JOEL MICAH GREENBERG used the mail, an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and a facility of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a political opponent who is known to the Grand Jury and who worked at a school located in the Middle District of Florida (referred to herein as the "school employee").

2. JOEL MICAH GREENBERG caused letters to be sent by the United States Mail to the school located in the Middle District of Florida where the school employee worked. The letters falsely represented that they were being sent by an anonymous "very concerned student" of the school who had information that the school employee had engaged in sexual misconduct with a particular student, when in truth and in fact, as JOEL MICAH GREENBERG then and there well knew, the allegations were false.

11

3. JOEL MICAH GREENBERG caused a Twitter account to be set up using the name and photograph of the school employee. JOEL MICAH GREENBERG caused postings to be made using that account that represented that the school employee was a segregationist and in favor of white supremacy, when in truth and in fact, as JOEL MICAH GREENBERG then and there well knew, JOEL MICAH GREENBERG caused the Twitter account to be established without the school employee's knowledge, consent, or authorization. The Internet was used to establish the Twitter account and to make the postings for that account.

4. JOEL MICAH GREENBERG caused a Facebook account to be set up that claimed to belong to a "very concerned teacher" at the school located in the Middle District of Florida where the school employee worked. JOEL MICAH GREENBERG caused postings to be made using that account that alleged that the school employee had engaged in sexual misconduct with a student, when in truth and in fact, as JOEL MICAH GREENBERG then and there well knew, the allegations were false. The Internet was used to establish the Facebook account and to make the postings for that account.

5. Facebook and Twitter were each an interactive computer service, an electronic communication service, and an electronic communication system of interstate commerce. The Internet was a facility of interstate commerce.

### B. Course of Conduct

6. Beginning on or about a date unknown to the Grand Jury, but not later than on or about October 10, 2019, and continuing through and including on or about November 15, 2019, in the Middle District of Florida, and elsewhere, the defendant,

### JOEL MICAH GREENBERG,

with the intent to harass and intimidate another person, that is, the school employee, did knowingly use the mail, an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and a facility of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, that is, the school employee.

In violation of 18 U.S.C. §§ 2261A(2), 2261(b)(5), and 2.

### COUNT TWELVE
### (Unlawful Use of Means of Identification of Another Person)

1. The Grand Jury hereby realleges paragraphs one through five of Count Eleven of this Second Superseding Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

2. On or about November 2, 2019, in the Middle District of Florida, and elsewhere, the defendant,

## JOEL MICAH GREENBERG,

did knowingly transfer, possess, and use in and affecting interstate commerce, without lawful authority, a means of identification of another person, specifically, the name of the school employee on a Twitter account, knowing that such means of identification belonged to an actual person, with the intent to commit, to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, namely, a violation of 18 U.S.C. § 2261A(2), as charged in Count Eleven of this Second Superseding Indictment.

In violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(2), and 2.

## FORFEITURE

1.   The allegations contained in Counts Four, Five, Seven, Eight, and Twelve are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1028(b)(5).

2.   Upon conviction of a violation of 18 U.S.C. § 1028, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to 18 U.S.C. § 1028(b)(5), any personal property used or intended to be used to commit the offense.

3.   If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028(g).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jennifer M. Harrington
Assistant United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

By: _____
Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JOEL MICAH GREENBERG

## SECOND SUPERSEDING INDICTMENT

Violations:

18 U.S.C. § 1591(a)
18 U.S.C. § 2722
18 U.S.C. § 1028(a)(7)
18 U.S.C. § 1028(a)(1)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2261A(2)

A true bill,

_____
Foreperson

Filed in open court this 19th day of August, 2020.

_____
Clerk

Bail  $ _____

GPO 863 525