UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case Number: 6:20-cr-97-Orl-31LRH

v.

JOEL MICAH GREENBERG,

       Defendant.
_____/

**DEFENDANT JOEL MICAH GREENBERG'S UNOPPOSED
MOTION TO CONTINUE TRIAL AND MEMORANDUM OF LAW**

COMES NOW Defendant, Joel Micah Greenberg, pursuant to Title 18, U.S.C. § 3161 and Federal Rule of Criminal Procedure 12(c), and moves this Court to continue the trial in the above-captioned case from the January 2021 trial docket to the Court's March 2021 trial docket and to extend the time to file motions to February 1, 2021.

**FACTS**

On June 17, 2020 the first Indictment (Doc. 1) in this case was returned charging Mr. Greenberg with violations of 18 U.S.C. §§ 2261A(2) and 1028(a)(7). Count One charged the crime of Stalking by use of an electronic communication system of interstate commerce and facility of interstate commerce to engage in a course of conduct reasonably expected to cause substantial emotional distress. Count Two charged Unlawful Use of Means of Identification of Another Person. This Count related to the same alleged victim as set forth in Count One.

A Superseding Indictment was filed on July 15, 2020 (Doc. 28). Counts One and Two charged the same crime and have the same alleged victim as the original Indictment. (Doc. 1). Counts Three and Four of the Superseding Indictment charged violations of 18 U.S.C. §§ 1028(a)(1), 1028(b)(1), and 2, involving the production of false documents and involve different alleged victims from Counts One and Two. Counts Five and Six of the Superseding Indictment allege Aggravated Identity Theft in violation of 18 U.S.C. §§ 1028(a)(1), 1028(b)(1), and 2. The alleged victims in Counts Five and Six are the same individuals as in Counts Three and Four.

A Second Superseding Indictment was filed on August 19, 2020 (Doc. 51). Counts One, Two, and Four involve an alleged victim identified as "Minor Victim" and who is described as having "attained the age of 14 years but has not attained the age of 18 years," (Doc. 51, page 4). Count One charges Sex Trafficking of a Child in violation of 18 U.S.C. §§ 1591(a), (b)(2), (c), (e)(3), and 2. This Count alleges that the Defendant caused the minor, who has not attained the age of 18, to engage in commercial sex.

Count Two involves the same "Minor Victim" as identified in Count One and charges violation of the Drivers Privacy Protection Act. Count Four also involves the same Minor as Counts One and Two. Count Four alleges that the Defendant did transfer, possess, and use in and affecting interstate commerce, without legal authority, a means of identification of another person, the alleged minor victim, with the intent to commit a crime in violation of 18 U.S.C. §§ 1591(a), (b)(2), (c), (e)(2), 2722 and 2723.

A comparison of the Second Superseding Indictment to the Superseding Indictment reveals that while several of the Counts are identical, there are additional

2

Counts in the Second Superseding Indictment that are not present in the Superseding Indictment.

Counts One and Two of the Superseding Indictment are contained in Counts Eleven and Twelve of the Second Superseding Indictment.

Count Three of the Superseding Indictment identifies the alleged victim by the initials E.J.C.C., this Count is the same as Count Eight in the Second Superseding Indictment. Count Four of the Superseding Indictment identifies the alleged victim as R.C., who is the same alleged victim in Count Seven of the Second Superseding Indictment. These two Counts, however, are not identical because the dates of the offense differ.

Superseding Indictment Counts Five and Six are described as "Aggravated Identity Theft". Count Five identifies E.J.C.C. as the victim. This Count appears to be identical to Count Ten in the Second Superseding Indictment. Superseding Indictment Count Six names R.Z. as the victim. R.Z. is also named as the victim in Count Nine of the Second Superseding Indictment. These counts, however, are not identical in that the dates of the offense differ.

Finally, it should be noted that Counts Three, Five and Six appear for the first time in the Second Superseding Indictment.

As seen from an analysis of the three indictments, the crimes and alleged victims have increased with each subsequent indictment. Counsel for the Mr. Greenberg have worked diligently on this case. The work on this case has been adversely affected due to the constraints imposed by the pandemic and the filing of the Superseding and Second

Superseding Indictments. This continuance of the trial date is sought so that the defense can be properly prepared.

## MEMORANDUM OF LAW

The Sixth Amendment guarantees that any person brought to trial in a federal court must be afforded the right to assistance of counsel before he or she can be validly convicted and punished by imprisonment. *Faretta v. California*, 422 U.S. 806 (1975). Although the decision on a motion for continuance is traditionally within the discretion of the trial judge, *Avery v. Alabama*, 308 U.S. 444 (1940), denial of a motion for continuance may constitute a denial of the right to counsel. *See, e.g. Chandler v. Fretag*, 348 U.S. 3 (1954); *United States v. Verderame*, 51 F.2d 249 (1995). The right conferred by the Sixth Amendment to effective assistance of counsel implicitly embraces an adequate opportunity for the accused and his counsel to consult, advise and make such preparation for arraignment and trial as the facts of the case fairly demand. *DeRoche v. United States*, 337 F.2d 606 (9th Cir. 1964). Granting a motion for continuance to permit counsel time to prepare for trial *helps to preserve a defendant's right to effective assistance of counsel. See United States v. Moutry*, 46 F.3d 598 (7th Cir. 1995). In reality, failure to allow counsel time to review discovery, file appropriate motions and prepare for trial amounts to a denial of meaningful right to counsel.

A continuance is a determination to be made based on the circumstances of the individual case. *Ungar v. Sarafite*, 376 U.S. 575 (1964). The factors to consider in determining whether preparation time is sufficient to allow the attorney to effectively assist his client include the time afforded for investigation and preparation, the

experience of the lawyer, the gravity of the charge, the complexity of possible defenses and the accessibility of witnesses to counsel. *United States v. Golub*, 694 F.2d 207 (10th Cir. 1982).

In *Verderame, supra*, preparation of the defense required a significant amount of preparation to rebut the government's proof, which involved evidence of extensive and complex financial dealings, and an inference that a defendant had derived his income from unlawful means. The Eleventh Circuit reversed the trial judge's order denying a defendant's unopposed motion for continuance. *Verderame, supra*.

In *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964), the Supreme Court discussed the right to counsel and a continuance to allow counsel to be prepared.

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. *Avery v. Alabama*, 308 U.S. 444, 60 S. Ct. 321, 84 L. Ed. 377. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Chandler v. Fretag*, 348 U.S. 3, 75 S. Ct. 1, 99 L. Ed. 4. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. *Nilva v. United States*, 353 U.S. 385, 77 S. Ct. 431, 1 L. Ed. 2d 415; *Torres v. United States*, 270 F. 2d 252 (9th Cir.); cf. *United States v. Arlen*, 252 F. 2d 491 (2d Cir.).

### **CORONA VIRUS PANDEMIC**

This continuance of the trial date is also requested because of the alarming rise in the Corona Virus infection rate throughout the country. The news has been replete with warnings by the scientific and medical community that the spread of the virus will

increase throughout the winter thereby posing a greater danger to many Americans and in particular, those who are at risk of catastrophic results if infected.

Local and national news have stressed the dangers to the public because of the large increase in infected individuals, especially during the upcoming holiday season. WESH news reported in its morning news of November 24, 2020 that the State of Florida is now ranked the sixth state in the country with the highest surge in new cases over the last seven-day period.

A review of the covidactnow.org website, as of November 22, 2020, reveals the positivity rate of Covid testing in Orange County is 6.6%, up from 5.8% on November 19, 2020. Osceola County's positivity rate as of November 22, 2020 was 8.7% up from 8.1% on November 19th. Seminole County's positivity rate as of November 22, 2020 was 6.2% up from 5.7% on November 19th. Brevard County's positivity rate as of November 22, 2020 was 4.9% down from 5.1% on November 19th. Finally, in Volusia County, as of November 22, 2020 the positivity rate was 4.8% down from 4.9% on November 19th. The source of this information was Covid Act Now, which is a 501(c)(3) nonprofit organization founded in March 2020. Its university affiliates include Georgetown University Center for Global Health Science and Security, Stanford University Clinical Excellence Research Center and Harvard Global Health Institute.

The health hazards of the increase in the spread of the Corona Virus throughout the next several months pose a real and present risk to potential jurors, court personnel, witnesses, spectators, prosecuting and defense counsel, the Court, and jurors. The predicted increase in the percentage of population who will be infected by the Corona

Virus will further impact trial preparation. Mark Horwitz, counsel for defendant Greenberg, has certain health issues which put him into a high-risk category of catastrophic consequences if infected by the Corona Virus. This potential health hazard possesses a risk for all who will take part in the trial.

The reality of the Corona Virus and its impact upon all aspects of trial preparation and trial cannot be understated and serves as a basis to continue the trial date during what is now to be a major surge in the infection rate throughout the United States.

## CERTIFICATE OF CONSULTATION

The undersigned counsel, Mark Horwitz, has communicated with Assistant U.S. Attorney Roger Handberg, who advises that the government does not oppose this motion and suggests that the trial be placed upon the Court's March 2021 trial docket, or soon thereafter, as the Court calendar permits.

## WAIVER OF SPEEDY TRIAL

The defendant and undersigned counsel have conferred about the right to speedy trial and the waiver of speedy trial. The Defendant will file a Waiver of Speedy Trial contemporaneously with this motion.

Respectfully submitted on November 25, 2020.

**LAW OFFICES OF**
**HORWITZ & CITRO, P.A.**

s/   Mark L. Horwitz
**MARK L. HORWITZ**
Florida Bar Number: 147442
mark@horwitzcitrolaw.com

s/ Vincent A. Citro
**VINCENT A. CITRO**
Florida Bar Number: 0468657
vince@horwitzcitrolaw.com

17 East Pine Street
Orlando, Florida 32801
Telephone: (407) 843-7733
Facsimile: (407) 849-1321
Attorneys for Joel Micah Greenberg

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Roger B. Handberg, Assistant United States Attorney, at roger.handberg@usdoj.gov, and Jennifer M. Harrington, Assistant United States Attorney, at jennifer.harrington2@usdoj.gov.

s/ Mark L. Horwitz
**MARK L. HORWITZ**
Florida Bar Number: 147442
