UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES,

    Plaintiff,

v.                                  Case No: 6:20-cr-97-GAP-LHP

JOEL MICAH GREENBERG,

    Defendant.

_____/

## DEFENDANT'S RESPONSE TO GOVERNMENT MOTION TO REDUCE MR. GREENBERG'S SENTENCE

The Defendant, JOEL GREENBERG, by and through his undersigned counsel, files this Response to the Government's Motion to reduce his sentence under USSG § 5K1.1 and 18 U.S.C. § 3553(e). Doc. 154. In support thereof, Mr. Greenberg states the following:

## MEMORANDUM OF LAW

On November 10, 2022, the Government filed its motion to reduce Mr. Greenberg's sentence. *See* Doc. 154. In its motion, the Government seeks a 10-level reduction in Mr. Greenberg's guideline sentence pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e).[1] *See id.*

---

[1] Tile 18, U.S.C. section 3553(e) states, in pertinent, part, that:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or

Significantly, the Government has only moved under § 3553(e) for a substantial assistance reduction for the 10-year mandatory minimum penalty that applies to Count 1. Thus, the 2-year consecutive mandatory penalty relating to Mr. Greenberg's Aggravated Identity Theft conviction (Count 9) still applies. *See* 18 U.S.C. § 1028A. Assuming, arguendo, that this Court grants the Government's substantial assistance motion, the resulting and reduced guideline level does not set the sentencing range. Rather, the resulting guideline must be followed by an additional two years of imprisonment. In other words, the 10-level departure requested by the Government is not really 10 levels.

And therein lies the rub. In cases involving minimum mandatory penalties, judicial discretion is replaced by both congressional and prosecutorial prerogative. Faced with a minimum mandatory penalty, a court's discretion to impose a just sentence is limited by the confines of the preordained penalties prescribed by Congress.[2] Thus, a district court loses its discretion to "impose a sentence that is sufficient, but not greater than necessary" to accomplish the goals of sentencing as required under 18 U.S.C. § 3553. *See United States v. Polizzi*, 549 F.Supp.2d 308, 399 (E.D. N.Y 2008) (vacated and remanded *United States v. Polizzi*, 564 F.3d 142 (2d Cir. 2009).[3]

---

prosecution of another person who has committed an offense.

[2] In effect, we have arrived at the absurd reality where the Queen of Heart's statement "[s]entence first – verdict afterwards" is realized. *See* Lewis Carroll, *Alice's Adventures in Wonderland* 146 (Random House 1946)(1865).
[3] In *Polizzi*, the Court granted the Defendant's motion for a new trial based on its failure to

2

Armed with Congress' preordained sentences, the prerogative of the prosecutor to bring minimum mandatory charges also nullifies judicial discretion at sentencing.[4] To be sure, minimum mandatory sentencing effectively replaces the finite sentencing discretion of the judge with the unbounded discretion of the prosecutor, who effectively decides the defendant's sentence by choosing which crimes are charged. *See Polizzi,* 549 F.Supp.2d at 399. *See also Harris v. United States*, 536 U.S. 545, 570-71 (2002)(Breyer, J, concurring in part and concurring in the judgment).

From this lamentable starting point, prosecutorial discretion extends to the plea offer given and continues to whether a § 5K1.1 motion for departure is filed, and if so, for how much. Concerning this last point regarding the extent of the substantial assistance departure, the Government's discretion to decide whether the motion is filed under § 3553(e), in addition to § 5K1.1, means that the prosecutor ultimately has the power to determine whether the minimum mandatory sentence still applies to the defendant, notwithstanding the filing of the substantial assistance motion. Such a tenet is apparent in Mr. Greenberg's case. Indeed, the Government has done much to fashion his sentence in determining that his guideline sentence will be

---

instruct the jury regarding the five-year mandatory minimum sentence that would apply if the Defendant was convicted. In *United States v. Polizzi*, the Second Circuit concluded that the district court abused its discretion in ordering a new trial based on such a failure. 564 F.3d 142, 159 (2d Cir. 2009). However, the court did not conclude, as the government urged, that a court may never instruct a jury regarding the mandatory minimum sentence. *Id.* (citing *United States v. Shannon*, 512 U.S. *Shannon*, 512 U.S. 573, 586 (1994)).

[4] Of course, such a transfer is inconsistent with the separation of powers set forth in Article III of the Constitution, which provides the judiciary with the express authority to decide all cases and controversies. *U.S. Const. art. III, § 2.*

3

necessarily increased by two years.

So where does this leave Greenberg. Fortunately, the Government's power is not limitless. Pursuant to §5K1.1 and § 3553(e), once the government files a motion with this Court advising that the defendant has provided substantial assistance, this Honorable Court may depart downward to any sentence that it feels is appropriate as long as it states the reasons for reducing the sentence pursuant to §5K1.1. See *United States v. Pippin*, 903 F.2d 1478, 1485 (11th Cir. 1990)(concluding that once the government makes a § 5K1.1 motion, the government has no control over the extent of a court's departure.).

As *Pippin* noted:

> [g]overnment counsel should keep in mind, however, that the only authority delegated to the government by § 5K1.1 is the authority to move the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. Once it has made a 5K1.1 motion, the government has no control over whether and to what extent the district court departs from the Guidelines, except that if a departure occurs, the government may argue on appeal that the sentence imposed was unreasonable.

903 F.2d at 1485. In this way, a federal court retains the discretion and responsibility to provide its own individual assessment of a Defendant's cooperation. Consequently, and thankfully, the federal judge remains the ultimate arbitrator of a §5K1.1 departure and the Defendant's resulting sentence. Such judicial autonomy is critical in the instant case since the Government's request for 10-levels is insufficient.

In its motion and accompanying sealed memorandum, the Government

identifies four categories of Mr. Greenberg's cooperation. *See* Doc. 154 at 1.

### *Category 1*

The first category encompasses Mr. Greenberg's substantial assistance against both Jospeh Ellicott and Michael Shirley. *See United States v. Joseph Ellicot*, 6:22-cr-9-GAP-DAB (M.D. Fla. Oct. 11, 2022)(date of imposition of sentence); *United States v. Michael Shirley*, Case No. 6:22-cr-123-GAP-DCI (M.D. Fla. 2022).

Based primarily on his cooperation against Shirley, Ellicott received a 4-level departure under USSG § 5K1.1. *See* Ellicott, 6:22-cr-9-GAP-DAB, at Doc. 59. Because Mr. Greenberg's cooperation involved two cases rather than Ellicott's single case involving Shirley, fairness and consistency demand that Greenberg is entitled to more than the four-levels that Ellicott received.

### *Category II*

The Government admits that Greenberg also provided information leading to convictions or prosecutions of individuals concerning his loan fraud with the Small Business Administration. *See* Doc. 154 at 3. Said information led to the conviction of *United States v. Teresa McIntyre,* 6:22-cr-78-WWB-EJK (M.D. Fla. May 24, 2022)(date of plea hearing). *Id*.  Under the precedent of Joseph Ellicott's case, Mr. Greenberg would be entitled to four levels for this cooperation.

But the cooperation narrative does not end with Ms. McIntyre. Indeed, Mr. Greenberg has provided substantial assistance against two other individuals in this category. To be consistent with the Government's sealed memo and to preserve the integrity of their ongoing investigations, the undersigned will also provide additional

information concerning this Honorable Court under seal.

*Category III*

The third area of Mr. Greenberg's cooperation involved his substantial assistance in criminal offenses involving the Seminole County Tax Collector's office. *See* Doc. 154 at 3. In this context, his cooperation led to guilty plea of Keith Ingersoll. *See id.* (*United States v. Ingersoll et al*, Case No. 6:21-cr-123-GAP-EJK-1 (M.D. Fla. Oct. 18, 2022)(date of guilty plea)). The "et al" in the case style refers to the co-defendant James P. Adamczyk, who was indicted for the same offenses as Ingersoll. *See Ingersoll et al*, Case No. 6:21-cr-123-GAP-EJK-1, at Doc. 1. Notably, Mr. Greenberg not only cooperated against Ingersoll, but also provided substantial assistance against Adamcyk, who passed away during the pendency of his case. Once Again, Mr. Greenberg should be entitled to **at least** four-levels for his cooperation in category III.

In assessing Mr. Greenberg's assistance in the first three categories alone, the conclusion is that he provided substantial assistance leading to the investigation and/or prosecution of 7 individuals. Thus, the Government's request for 10 levels is not sufficient. Moreover, it is entirely inconsistent with their initial recommendation of a three level § 5K1.1 departure in Mr. Ellicott's case.

*Category IV*

Behind this single category lies an entire universe of malfeasance, corruption, and depravity. Mindful of the Government's need to safeguard this information, the undersigned will be providing relevant information to this Court under seal.

6

For an extensive period, Mr. Greenberg has furthered the Government's investigation and prosecution in multiple areas. At this point, his cooperation has led to multiple federal indictments and convictions, with more to come. Based on the § 5K1.1 precedent that has already been established in Mr. Ellicott's case, a request of 10 levels (which is not really ten levels) is terribly inadequate.

WHEREFORE, the Defendant Joel Micah Greenberg respectfully moves this Honorable Court to grant the Government's for Downward Departure and grant a 16-level reduction in his guideline level to be followed by a consecutive penalty of two-years.

Respectfully submitted this 15th day of November 2022.

/s/ Fritz Scheller
Fritz Scheller
Florida Bar No. 0183113

## CERTIFICATE OF SERVICE

On November 15, 2022, I filed the foregoing with the clerk of the court under seal and provided a copy of the foregoing to the Assistant United States Attorney.

/s/ Fritz Scheller
Fritz Scheller
Florida Bar No. 0183113
Fritz Scheller, P.L.
200 E. Robinson St., Ste. 1150
Orlando, Florida 32801
PH:   (407) 792-1285
FAX:  (407) 649-1657