UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 6:20-cr-97-GAP-LHP

JOEL MICAH GREENBERG

_____

## RESTITUTION ORDER

The Court having considered the arguments presented by the United States and the Defendant with respect to the imposition of restitution, and the parties also having entered into an agreement providing for the imposition of restitution, the Court finds the following:

1. The provisions of the Mandatory Victims Restitution Act, 18 U.S.C. §§3663A, et seq. ("MVRA"), apply to sentencing in this case.

2. The defendant, Joel Micah Greenberg, agrees to the imposition of restitution as set forth in this Order concerning the counts of conviction in this case.

3. In accordance with 18 U.S.C. § 3663A(a)(3), the defendant shall pay restitution in the total amount of $583,519.41, which shall be paid as follows:

a.  **Restitution Owed to Seminole County:**

| Payee | Amount |
|---|---|
| Seminole County Attorney's Office c/o Bryant Applegate Interim County Manager 1101 E. 1st Street, Ste 3030 Sanford, FL 32771 | $109,786.12 |

b.  **EIDL Loans – Restitution Owed to SBA**

| Payee | Loan Number | Amount |
|---|---|---|
| Small Business Administration (SBA) SBA DFC 721 19th Street, 3rd Floor, Room 301 Denver, CO 80202 | 3288188000 | $145,133.97 $2,000 – EIDL Advance |
| SBA | 4912958103 | $163,299.66 |
| SBA | 4905798105 | $163,299.66 |

4. The Clerk of Court shall disburse restitution in the following order and priority:

   a. First, to the Payee identified in paragraph 3.a.; and

   b. Second, after payment in full to the non-federal victim listed in paragraph 3.a., above, and in accordance with 18 U.S.C. § 3664(i), the Clerk of Court shall disburse restitution to the SBA in accordance with paragraph 3.b.

5. After considering the financial resources of the Defendant, other assets owned by the Defendant, the Defendant's projected earnings and other sources of income, and financial obligations of the Defendant, in accordance with 18 U.S.C. § 3664(f)(2), the defendant shall pay restitution as follows:

   a. While incarcerated, the Defendant agrees to participate in the Inmate Financial Responsibility Program (IFRP) administered by the Bureau of Prisons.

   b. Notwithstanding participation in the IFRP, during the term of incarceration, the defendant shall pay the Clerk At least 50% of pay for any UNICOR work assignments, or at least 25% of pay for any non-UNICOR work assignments until the restitution obligation is satisfied or expires.

   c. If restitution is not paid in full by the end of the term of imprisonment, the defendant shall pay to the Clerk at least 15 percent of net income beginning 60 days after release from any period of confinement. If there is a material change in the defendant's economic circumstances, the court may adjust the payment schedule or require immediate payment in full, as the interests of justice require, pursuant to 18 U.S.C. § 3664(k).

6. Notwithstanding any other provision of this judgment, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown. The Government may enforce restitution at any time.

7.  The interest requirement for restitution is waived.

8.  The defendant shall forward all restitution payments, by money order or cashier's check, payable to the "Clerk, U.S. District Court," to the Clerk, United States District Court, ATTN: DCU, 401 West Central Blvd., Suite 1200, Orlando, Florida 32801.

**DONE** and **ORDERED** in Orlando, Florida on December 1, 2022.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant