UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Case No: 6:20-cr-97-GAP-LHP

JOEL MICAH GREENBERG,

    Defendant.

_____/

## **RESPONSE TO ORDER TO SHOW CAUSE**

Joel Greenberg files this Response to this Honorable Court's order to show cause why the Government's supplemental memorandum regarding the defendant's cooperation (Doc. 157) should remain under seal. *See* Doc. 191. Mr. Greenberg respectfully submits that the document should no longer remain under seal.

## **STATEMENT OF FACTS**

The sentencing of Greenberg took place on November 30 and December 1, 2022. *See* Docs 172, 175. During the first hearing, this Court granted the Government's motion for a 10-level departure under USSG §5K1.1 and 18 U.S.C. § 3553(e). Notwithstanding the undersigned's doomed request for a greater reduction, it was a significant departure in levels. More importantly, it was a

1

substantial reduction in time (approximately 20 years).[1] To support such a significant reduction in Greenberg's sentence, the Government filed a sealed memorandum. Doc. 157. In support of its request to seal, the Government provided one justification:

> [t]he sealing of the Supplemental Memorandum is requested in order to safeguard from public scrutiny certain sensitive information regarding pending criminal investigations which would come to light were the proceedings to become public knowledge.

Doc. 155 at 1.

Concerning the sealed memorandum, this Court observed that the document "sets forth some additional information or cooperation provided by Mr. Greenberg for other people, other crimes that are still under investigation, and therefore, not subject to public disclosure." Doc. 178 at 4.

On November 15, 2024, Lewis Kamb, a reporter with NBC Universal, sent an email to this Court requesting the unsealing of the Government's supplemental sentencing memorandum (Doc. 157). *See* Doc. 187. In the correspondence, Mr. Kamb correctly stated the Government's justification for sealing the document, as well as this Court's description of the sealed pleading. Recently, a reporter, Greg Fox, renewed the request to unseal. *See* Doc. 191.

---

[1] Admittedly, Greenberg's sentencing reduction reflects the cooperation paradox -- an irony, often noted by this Court, in which the most culpable received the greatest benefits for their cooperation at sentencing.  *See*, *e.g.*, *In re Belvett*, No: 6:04-cr-199, 2005 WL852649, at *1, *2 (M.D. Fla.  March 17, 2005). But then again, measuring one's culpability is a difficult, if not an impossible task. While Greenberg committed a myriad of unrelated crimes, his personal failings and mental health struggles rendered him akin to the Wiley E. Coyote, rather than the Lex Luthor, of Seminole county.

2

Thus, the pertinent question before this Court is whether the continued sealing of the Government's memorandum is necessary to protect the integrity of its **pending** investigations. Since there are no pending investigations, the answer seems obvious.

## **MEMORANDUM OF LAW**

"There is no question that the press and the public jointly possess a common-law right to inspect and copy judicial records and public documents." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir.1987)(citations omitted). As further articulated by the United States Supreme Court:

> [i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. In contrast to the English practice, see, *e. g., Browne v. Cumming*, 10 B. & C. 70, 109 Eng.Rep. 377 (K.B.1829), American decisions generally do not condition enforcement of this right on a proprietary interest in the document or upon a need for it as evidence in a lawsuit. The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies,

*Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-598 (1978)(internal citations omitted). Thus, "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia,* 435 U.S. 829, 839 (1978). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1311 (11th Cir. 2001)

Nevertheless, the common law's right of access is not absolute. *See Romero v. Drummond*, 480 F.3d 1234, 1245 (11th Cir. 2007). Public access to judicial records may be overcome by a showing of good cause. *Id.* at 1246. Good cause requires balancing the right of access against the party's interest in keeping the information confidential. *Chicago Tribune,* 263 F.3d at 1309. The determination of good cause depends on the nature and character of the information in question. *Id.* at 1315. Courts must consider whether the public's access to court documents "would impair court functions or harm legitimate privacy interests, the degree of likelihood of injury if the information is made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative." *Romero,* 480 F.3d at 1246.

In addition to the common law, the First Amendment also confers a qualified right of access to the public. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (plurality opinion). In the First Amendment context, the public's right of access to a court record requires that the sealing of any record must be narrowly tailored to a compelling confidentiality interest. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982). Courts have used a two-prong test to determine whether the public's right of access is rooted in the First Amendment. *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1331–32 (D.C. Cir. 1985). The history or experience prong analyzes whether the proceeding has historically been open. *Id.* at 1332. The logic, or function, prong determines

4

whether the right of access fosters good operation of the courts and the government. *Id.*

As a practical matter, it seems of little moment whether Mr. Fox's claim for access is based on common law or whether it is predicated on the First Amendment. *See, e.g.*, Robert Timothy Reagan, *Sealing Court Records and Proceedings: A Pocket Guide* at 4 (Fed. Judicial Ctr. 2010). Under either precedent, the necessary question is whether the Government has a compelling interest in keeping a court record sealed.

In answering this question, courts, as well as federal law, have found such a compelling interest in national security information,[2] grand jury proceedings,[3] the identities of minors,[4] and presentence reports.[5] Concerning cooperators, courts will seal a record concerning a criminal defendant's cooperation to protect the confidentiality of ongoing investigations. Moreover, courts will either temporarily or permanently seal records of cooperation to protect the safety of the cooperating defendants and the defendants' families. *See* Reagan & Cort, *Sealed Cases in Federal Court* at 19 (Fed. Judiciary Ctr. 2009). The followings sections examine these two predicates for sealing in turn.

---

[2] *See* Robert Timothy Reagan, *Keeping Government Secrets: A Pocket Guide for Judges on the State-Secrets Privilege, the Classified Information Procedures Act, and Court Security Officers* 1–2 (Fed. Judicial Ctr 2007)
[3] *See* Fed. R. Crim. P. 6; *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).
[4] See 18 U.S.C. § 5038(a), (e).
[5] *See In re Siler*, 571 F.3d 604, 610 (6th Cir. 2009).

I.  *Ongoing Investigations*

Considering that the Government's request to seal was based solely on the protection of its ongoing investigations, Mr. Fox's request can easily be resolved by determining whether any pending investigations remain. Since Greenberg's sentencing, all cases involving his coconspirators have been completed. See *United State v. Angela Chew*, Case No. 6:23-cr-00214-GAP-RMN (M.D. Fla. Feb 10, 2025)(date of sentencing); *United State v. Michael Shirley*, Case No. 6:22-cr-123-GAP-RMN (M.D. Fla. Feb 27, 2024)(date of sentencing); *United States v. Nabil Dajani*, Case No. 6:23-cr-00085-GAP-EJK (M.D. Fla. Feb 27, 2023)(date of sentencing); *United States v. Ingersoll*, Case No. 6:21-cr-00138-GAP-EJK-1 (M.D. Fla. Feb 27, 2023)(date of sentencing);. *United States v, Teresa McIntyre*, Case No. 6:22-cr-00078-WWB-EJK (M.D. Fla. Feb. 14, 2023)(date of sentencing); *United States v. Joe Ellicott*, Case No. 6:22-cr-00009-GAP-DAB (M.D. Fla. Oct. 11, 2022)(date of sentencing).[6]  In each of the cases, as the Government can confirm, the Defendants knew Greenberg cooperated against them. In sum, there are no ongoing investigations involving Greenberg's cooperation.

---

[6] One area of prosecution that was abandoned by the Government was its investigation of adult men who participated in the victimization of a minor. Despite the Government's inaction, they do exist. In Greenberg's plea agreement, the Government asserted that "Greenberg also introduced the Minor to other adult men, who engaged in commercial sex acts with the Minor in the Middle District of Florida." Doc. 105 at 30.  Despite this bold and unnerving statement, the Government has not prosecuted any individual, other than Greenberg, for this crime.

II.   *Risk to Greenberg and his Family*

Because the prosecutions have ended and the defendants knew of Greenberg's cooperation, the sealed memorandum cannot protect Greenberg or his family. Indeed, the sealed memorandum did not shield Greenberg and his family, as well as the minor victim, from being sued in a lawsuit that was based on Greenberg and the victim's cooperation. *See Dorworth v. Greenberg et al*, Case No. 6:23-cv-871 (M.D. Fla. Sept 5, 2024)(date of voluntary dismissal).[7]

Furthermore, Greenberg's cooperation is not only well-known to his coconspirators, but also to the larger public. After Greenberg's sentencing, the cases involving his coconspirators, the public disclosure of his statement to state law enforcement, a Congressional ethics report concerning former Congressman Matt Gaetz, the civil lawsuit, and constant media coverage, there is nothing left to hide concerning Greenberg's cooperation. Moreover, the information that was disclosed through these various channels is far more extensive than the information provided in the Government's sealed memorandum. In the end, such

---

[7] While the Government's abandonment of the minor victim in the criminal realm is troubling, its treatment of her concerning a civil case is reprehensible. See *Dorworth v. Greenberg et al*, Case No. 6:23-cv-871 (M.D. Fla. Sept 5, 2024)(date of voluntary dismissal). In that case, the plaintiff alleged that the victim, as well as Greenberg, engaged in a RICO conspiracy to falsely implicate the plaintiff and others. The victim's misconduct allegedly occurred during her cooperation with the government in Greenberg's criminal prosecution. Because the Government refused to provide the minor victim with evidence in its possession that would have vindicated her, the young woman was forced to endure some 15 months of litigation. And so, what started as abandonment in the criminal realm became disdain in the civil context.

7

a reality begs an elemental question – is the information contained in the Government's sealed memorandum really confidential?

                                           */s/ Fritz Scheller*
                                           Fritz Scheller
                                           Florida Bar Number 183113

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in this case on August 1, 2025.

                                           */s/ Fritz Scheller*
                                           Fritz Scheller
                                           Florida Bar Number 183113
                                           Fritz Scheller, P.L.
                                           200 East Robinson, Suite 1150
                                           Orlando, Florida 32801
                                           Telephone 407-792-1285
                                           Facsimile 407-513-4146
                                           Email: fscheller@flusalaw.com