UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 6:20-cr-97-GAP-LHP

JOEL MICAH GREENBERG

# ORDER

In connection with the sentencing in this case, the United States submitted a Supplemental Memorandum regarding Defendant's cooperation (Doc. 157). On November 10, 2022, the Court granted the Government's Motion to Seal this document (Doc. 155), based on its representation that

> "The sealing of the Supplemental Memorandum is requested in order to safeguard from public scrutiny certain sensitive information regarding pending criminal investigations which would come to light were the proceedings to become public knowledge."

*Id.*, at 1.

On November 15, 2024, Lewis Kamb of NBC News asked that the Memorandum be unsealed (Doc. 187). In support of that request, Mr. Kamb noted that the Department of Justice's investigations regarding Mr. Greenberg had been concluded and that there was a clear public interest in the content of the Memorandum. That request was recently renewed by Greg Fox of WESH TV (Doc. 191).

In light of these requests, the Court entered an Order for the parties to show cause why they should not be granted (Doc. 191). In its sealed Response (Doc. 193-1), the Government contended that the Memorandum should remain sealed because "there are compelling interests for such that overcome the public right of access."[1] *Id.*, at 1. Conversely, counsel for Mr. Greenberg expressed no objection to unsealing, because "there are no ongoing investigations involving Greenberg's cooperation" (Doc. 197, at 6).

"[T]he press and the public jointly possess a common-law right to inspect and copy judicial records and public documents." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (citations omitted). Indeed: "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Public access to judicial records may be overcome by a showing of good cause, which requires balancing the right of access against the party's interest in keeping the information confidential. *Chicago Tribune*, 263 F.3d at 1311, 1313. Here, the Government has failed to show good cause. As noted, the Greenberg

---

[1] In its Response, the Government suggested that the Press should be required to file a formal motion to intervene in order to challenge the sealing of Doc. 157. *See* Doc. 193-1, at 4-6. The Government has had an adequate opportunity to express its opposition, and the Court sees no reason to complicate the resolution of this rather simple matter.

investigation has been concluded, and the content of Doc. 157 is essentially now in the public domain.

Accordingly, the Clerk is directed to unseal Doc. 157 on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2025.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Attorney
Counsel for Defendant
Greg Fox at gfox@hearst.com