UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION


UNITED STATES OF AMERICA,

Plaintiff,

v.                                          Case No. 6:20-cr-00097-GAP-LRH

JOEL MICAH GREENBERG,

Defendant.

_____/

## MOVANT'S REPLY TO GOVERNMENT'S RESPONSE
## IN OPPOSITION TO MOTION TO UNSEAL

## I. THE GOVERNMENT DOES NOT ADDRESS THE QUESTION PRESENTED

Movant, Brian Beute, appearing pro se, respectfully submits this Reply. Movant submits

this Reply contemporaneously with his unopposed Motion for Leave to File Reply and

respectfully requests that the Court consider this filing upon grant of leave.

This Reply presents a narrow but dispositive question: whether the Government may rely

on the identity and role of an unindicted co-conspirator and related warrant materials to obtain a

ruling yet maintain complete sealing of that same information without providing a specific and

particularized justification.

The Government does not dispute that it identified, disclosed, and relied upon this

information in litigation. It instead invokes generalized concerns that do not address its own use

of the information before this Court. That omission controls the outcome. Once the Government

chose to use the information to influence a judicial decision, it was required to justify continued sealing with specificity and narrow tailoring. It has not done so.

The Government does not answer that question. Instead, it offers three responses—discovery, stigma, and presumed awareness—none of which addresses the dispositive point: whether the Government may rely on sealed information to obtain a ruling and then avoid the burden that reliance imposed.

## II. THE GOVERNMENT'S RELIANCE ON ANDERSON DOES NOT CONTROL WHERE MATERIALS WERE USED IN LITIGATION

The Government relies primarily on *United States v. Anderson*, 799 F.2d 1438 (11th Cir. 1986), for the proposition that discovery materials are not subject to public access. That principle does not resolve this case.

Movant is not asking for generalized discovery. The Government may be correct that Greenberg, as the defendant, was entitled to criminal discovery and that Movant was not. But that does not resolve the question presented here. The issue is not whether Movant was entitled to what Greenberg received in discovery. The issue is whether the Government may continue to withhold from public access material it used to influence adjudication without making the particularized showing continued sealing requires.

*Anderson* addressed whether discovery materials, in the abstract, are public. It did not address whether materials that the Government affirmatively incorporates into adversarial litigation and relies upon to secure a ruling remain outside the presumption of access.

Here, the Government did not merely possess the information—it used it. The Government represented that it had provided Greenberg with portions of the search warrant affidavits identifying the unindicted co-conspirator. See Doc. 37 at 13–14. It further relied on

those disclosures to oppose further specificity. See Doc. 38. The Court accepted that position. See Doc. 50.

Under binding Eleventh Circuit authority, judicial records used to resolve substantive motions are subject to a strong presumption of public access. See *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001); *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Once materials are used to influence adjudication, the question is no longer whether they began as discovery, but whether they became part of the decisional process. The Government does not confront that distinction.

## III. THE GOVERNMENT RELIED ON DISCLOSURE, AND THE COURT RELIED ON THE GOVERNMENT

The Government previously represented that the identity and role of the unindicted co-conspirator were sufficiently disclosed to defeat further specificity. See Doc. 37; Doc. 38. The Court accepted that position in denying further specificity. See Doc. 50.

Those representations confirm that the identity and related materials were not abstract or peripheral. They were part of the information the Government affirmatively presented to the Court as sufficient, leveraged to defeat further specificity, and relied upon to secure a ruling.

That is the critical point. The issue is not whether the Government was permitted to rely on that information. It is whether, having chosen to rely on it in adversarial litigation, the Government may preserve complete sealing of that same information without providing the specific and particularized justification that reliance required. It may not.

The Government offers no explanation reconciling its prior reliance on the information with its current position that the same information must remain entirely sealed. Nor does it

identify any authority permitting such asymmetrical use of information. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987).

## IV. THE GOVERNMENT'S AUTHORITIES DO NOT JUSTIFY COMPLETE SEALING

The Government asserts that sealing is "narrowly tailored" under *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982), and that search warrant materials are not historically public under *In re Hearst Newspapers*, 641 F.3d 168 (5th Cir. 2011). Those authorities do not support the Government's position here.

*Globe Newspaper* requires that restrictions on access be supported by a compelling interest and narrowly tailored to serve that interest. The Government does not satisfy that burden. It offers no explanation why redaction is insufficient, why partial disclosure would be inadequate, or why complete sealing is necessary.

Likewise, even if search warrant materials are not historically open in all contexts, that does not resolve whether materials the Government affirmatively used in adjudication may remain categorically sealed. Once the Government relied on the substance of those materials to secure a judicial ruling, it was required to justify continued sealing through a case-specific showing and consideration of narrower alternatives. It has not done so, and generalized invocations of stigma or warrant confidentiality do not substitute for the case-specific showing continued sealing requires.

Even where access to warrant materials is qualified, courts require specific findings and ordinarily presume redaction over complete sealing. See *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65–66 (4th Cir. 1989) (requiring specific findings and consideration of redaction alternatives before sealing warrant materials).

## V. THE GOVERNMENT'S ADDITIONAL AUTHORITIES CONFIRM THE NEED FOR A CASE-SPECIFIC JUSTIFICATION

The Government cites *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371 (8th Cir. 1990), and *United States v. Suppressed*, 2010 WL 4962885 (E.D. Mo. 2010), to argue that reputational harm can justify sealing.

Those cases do not support blanket sealing here. To the contrary, they reinforce that courts must conduct a case-specific balancing and ensure that any restriction is no broader than necessary. Even where reputational concerns or the Government's accusation that Movant seeks to "publicly shame" an uncharged individual are credited, they do not justify blanket secrecy, nor do they excuse the Government from articulating why narrower alternatives are insufficient, particularly after the Government has already used the underlying information to influence adjudication.

The Government does not undertake that analysis. It offers no individualized explanation, no temporal explanation, and no basis for concluding that complete sealing remains necessary six years later under a materially different procedural posture.

## VI. THE GOVERNMENT'S POSITION PERMITS ONE-SIDED USE OF INFORMATION

Under the Government's theory, it may: (1) rely on and leverage the identity and role of a participant in a coordinated effort to defeat a motion; (2) represent that such disclosure is sufficient; and (3) obtain a ruling based on that representation, while maintaining complete secrecy of the same information and avoiding any requirement to justify that secrecy.

The Government cites no authority permitting such asymmetrical use. Yet that is the practical consequence of its position: information may be used as both sword and shield— sufficiently disclosed when advantageous, wholly unavailable when accountability is sought.

That is not narrow tailoring. It is one-sided use of judicial material insulated from adversarial scrutiny and public review, without the accountability ordinarily required once such material is used in adjudication. The law does not permit that result.

## VII. PRESUMED AWARENESS DOES NOT SATISFY THE GOVERNMENT'S BURDEN

The Government's position fails for an additional and independent reason: it cannot simultaneously maintain that the identity of the unindicted co-conspirator must remain sealed, refuse to disclose that identity in any legally meaningful form, and then suggest Movant's presumed awareness defeats access.

That position is internally inconsistent. If the identity remains protected, then the Government cannot rely on implication, insinuation, or unsupported inference to argue that Movant already knows it. If Movant truly possesses legally meaningful knowledge of the identity, then the Government should identify where that knowledge appears in the record. It does not, because it cannot.

The Government identifies no sworn testimony, transcript, exhibit, judicial finding, or public filing establishing that Movant knows the identity at issue in any legally operative sense. It instead substitutes implication for evidence. Courts decide motions on the record, not on suggestion.

More fundamentally, the argument is legally irrelevant. Access to judicial records does not rise or fall based on what the Government speculates a litigant may suspect. The public's

right of access does not depend on what any particular requester is presumed to know. See *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 7–8 (1986). The governing question is whether judicial materials the Government used to influence adjudication may remain entirely sealed without specific and particularized justification. A litigant's presumed awareness does not relieve the Government of that burden.

## VIII. THE GOVERNMENT STILL OFFERS NO SPECIFIC AND PARTICULARIZED JUSTIFICATION FOR CONTINUED COMPLETE SEALING

That failure is especially consequential here because the Government still offers no specific and particularized justification for maintaining complete sealing now, six years later, under a materially different procedural posture.

The relevant question is not whether sealing was once permissible. It is whether continued complete sealing remains justified now. The Government does not address that question in any meaningful way.

It offers no case-specific explanation tied to present circumstances. It does not explain what concrete harm would result from partial disclosure, why narrower alternatives remain inadequate, or why complete sealing is still necessary after the relevant adjudicative use has already occurred. Nor does it explain why its present burden is satisfied by invoking generalized reputational concerns divorced from time, posture, and prior disclosure.

That omission is dispositive. Continued sealing requires present justification, not historical assumption. Where the Government has already used the material to secure a ruling, continued sealing requires a specific, particularized, and record-supported justification sufficient to permit judicial review.

This Court has already applied that same burden in this docket and held that the Government failed to overcome the public right of access where continued sealing was no longer supported by good cause. See Order, Doc. 198 at 2–3 (holding Government "failed to show good cause" and directing unsealing of previously sealed filing).

## IX. AT MINIMUM, IN CAMERA REVIEW IS REQUIRED

At minimum, the Court should conduct an in camera review of the specific warrant materials and related portions of the record upon which the Government relied in opposing further specificity.

That review should determine whether continued sealing remains justified, whether narrower alternatives such as redaction or partial unsealing are sufficient, and whether any continued restriction can be sustained through specific, record-supported findings. In camera review provides the Court with the narrowest and most administratively efficient means of testing the Government's present justification without requiring immediate public disclosure. If the Government's position is correct, in camera review will confirm it. If it is not, continued sealing should not persist by assertion alone.

At minimum, any continued restriction should be narrowed by tiered redaction: (1) disclosure of the identity and role the Government already relied upon in litigation; (2) redaction of unrelated personal identifying information, third-party victim information, and genuinely sensitive investigative details; and (3) continued sealing only as to material the Government can identify with specificity and defend on the present record.

## X. CONCLUSION

The Government identified the co-conspirator, disclosed that identity and related materials within the litigation, leveraged that information to defeat further specificity, and relied upon it to secure a ruling. See Doc. 37; Doc. 38; Doc. 50.

Having done so, it was required to provide a specific and particularized justification for maintaining those same materials under seal, supported by narrowly tailored reasoning. It has not done so.

The Government used the information, obtained the benefit of its use, and now seeks to preserve sealing without carrying the burden that use imposed. The law does not permit that result. At minimum, the Court should conduct an in camera review and require a narrowly tailored, case-specific justification for any continued sealing.

Respectfully submitted,

Brian Beute
Pro Se Movant
111 N. Orange Avenue, Suite 800
Orlando, FL 32801

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2026, I caused a true and correct copy of the foregoing to be served by U.S. Mail upon the following:

Chauncey A. Bratt
Assistant United States Attorney
400 W. Washington Street, Suite 3100
Orlando, FL 32801

Brian Beute