UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.** **CASE NO: 6:20-cr-97-GAP-LHP**

**JOEL MICAH GREENBERG**

---

## ORDER

This cause is before the Court on Movant Brian Beute's *pro se* Motion to Unseal Judicial Records Identifying and Unindicted Co-Conspirator (Doc. No. 200), to which the United States has responded in opposition (Doc. No. 202).[1] For the reasons that follow, the motion will be denied.

Mr. Beute seeks to unseal "relevant judicial records," to include a search warrant affidavit and related filings, that identify an unindicted co-conspirator in this case. Doc. No. 200. Mr. Beute contends that this unindicted co-conspirator's name was provided to the defense during the litigation of the criminal case in chief, that the Court relied on that disclosure in denying Defendant's motion for a bill of particulars, and that continued sealing is inconsistent with the record. *Id.*, at 2-3. *See also* Doc. Nos. 50, 62. Mr. Beute further argues that the public has a substantial interest in understanding the full scope of conduct in this case, and that Mr. Beute, as the victim, also has a compelling interest in unsealing the relevant records. Doc. No. 200, at 5.

---

[1] Defendant Joel Micah Greenberg did not respond to the motion.

In response, the United States argues that it has a compelling interest in the continued sealing of the search warrant and related records that overcome Mr. Beute's and the public's right of access – namely to avoid stigmatizing the unindicted co-conspirator as a criminal without providing the person with any avenue to defend or vindicate the person's reputation. Doc. No. 202.

Both the Supreme Court and the Eleventh Circuit "recogniz[e] the presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1995); *see Nixon v. Warner Commc's, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." (footnotes omitted)). Although this common-law right creates a strong presumption of access, "[t]he right to inspect and copy is not absolute[.]" *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir.2001) (citing *Nixon*, 435 U.S. at 597). Rather, the right of access to judicial records may be overcome by a showing of "good cause," which requires the trial court to "balance the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir.2007).

In conducting this balancing test, courts consider, among other things "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of likelihood of injury if made public, the reliability of the

information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246; *see also Chicago Tribune*, 263 F.3d at 1311 ("[A] judge's exercise of discretion in deciding whether to release judicial records should be informed by a 'sensitive appreciation of the circumstances that led to . . . [the] production [of the particular document in question].'" (alteration in original) (quoting *Nixon*, 435 U.S. at 603)). The balancing of these factors is left to the discretion of the trial court. *Rosenthal*, 763 F.2d at 1295 ("The proper balancing of the foregoing factors is a matter which is vested in the first instance in the sound discretion of the trial court."). And, as it pertains to discovery materials, the Eleventh Circuit has held that "[d]iscovery is neither a public process nor typically a matter of public record. Historically, discovery materials were not available to the public or press." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted).

Upon a consideration of the parties' filings and the relevant factors, the Court finds that there are compelling reasons to continue the seal of the materials at issue which outweigh the interests of Mr. Beute and the public. As the United States points out in its response, the unindicted co-conspirator was never charged in this case, the person is presumed innocent, and if the person's identity were now to be made public, the person most assuredly would be treated and stigmatized as a criminal – without ever actually being charged and without any opportunity to

provide a defense. Such harm clearly outweighs the interests of Mr. Beute and the public in knowing the unindicted co-conspirator's identity. *See Anderson*, 799 F.2d at 1439 (affirming district court's sealing of bill of particulars and notice of similar acts evidence based on finding "that the publication of the names and possible similar acts evidence might stigmatize the 'unindicted co-conspirators' as criminals without the opportunity for vindication."). *See also United States v. Smith*, 776 F.2d 1104, 1113-14 (3d Cir. 1985) (affirming sealing of bill of particulars that identified unindicted co-conspirators and finding that if their names were made public it would "communicate to the general public that the named individuals, . . . are guilty, or may be guilty, of a felony involving breaches of the public trust," and that the unindicted individuals would not have an opportunity to prove their innocence at trial; "[t]his means that the clearly predictable injuries to the reputations of the named individuals is likely to be irreparable"); *In re Smith*, 656 F.2d 1101, 1107 (5th Cir. 1981) (finding inclusion of unindicted co-conspirator's identity in public factual basis to support defendant's guilty plea ignored the unindicted co-conspirator's presumption of innocence and violated his liberty and property rights); *United States v. Suppressed*, No. 4:08MJ1195 TIA, 2010 WL 4962885, at *5 (E.D. Mo. Oct. 22, 2010), *report and recommendation adopted*, 2010 WL 4962876 (E.D. Mo. Dec. 1, 2010) ("[T]he undersigned concludes the United States has demonstrated that continuing the sealing of the redacted portions of the search warrant documents is necessitated by a compelling United States interest – to protect the safety and identity of

cooperating individuals and witnesses, and the need to protect the identity and reputation of any co-conspirators who will not be criminally charged."); *United States v. Ketner*, 566 F. Supp. 2d 568, 588 (W.D. Tex. 2008) ("[A]s the factual bases identify alleged unindicted co-conspirators by name, the Court finds it would implicate their due process rights if it were to unseal the plea agreements and accompanying factual narratives.").[2] *Cf. United States v. Langford*, No. CR-08-CO-245-S, 2009 WL 10671369, at *15 n. 18 (N.D. Ala. July 2, 2009), *report and recommendation adopted*, 2009 WL 10671793 (N.D. Ala. July 28, 2009) (ordering production to defendants under seal of list of names of unindicted co-conspirators); *United States v. McKay*, No. 05-60149-CR, 2006 WL 8448852, at *3 (S.D. Fla. June 19, 2006) (similar).

Accordingly, the Motion to Unseal Judicial Records Identifying an Unindicted Co-Conspirator (Doc. No. 200) is **DENIED**. Mr. Beute's Request for Resolution of Pending Motion to Unseal (Doc. No. 208) and Motion to Withdraw or Modify Referral of Motion to Unseal (Doc. No. 210) are both **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Beute references a Florida court decision "*Cornell v. Engels*," but does not provide a citation to same, and the Court has been unable to locate this decision.

Copies furnished to:

Counsel of Record
Brian Beute, Movant